TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. JIM ARNOLD.

No. 6551. Decided December 11, 1935.
Rehearing overruled January 22, 1936.
(88 S. W., 2d Series, 473.)

*Lawther, Cox & Cramer, Shelby S. Cox* and *Jas. P. Swift,* all of Dallas, for plaintiff in error.

The trial court, where the case was tried to a jury, was without authority to determine the issues of whether the plaintiff sustained an injury in the course of his employment, and of the nature, extent and duration of the incapacity, where the issues were controverted and not submitted to the jury. Ormsby v. Ratcliffe, 117 Texas, 242, 1 S. W. (2d) 1084; Dallas Hotel Co. v. Davison, 23 S. W. (2d) 708; Guitar Trust Estate v. Keith, 45 S. W. (2d) 190; American Emp. Ins. Co. v. Singleton, 24 S. W. (2d) 26.

*Bailey, Nickels & Bailey,* all of Dallas, for defendant in error.

There was sufficient pleading as to average weekly wages and as to the extent and duration of plaintiff's incapacity. Wynne v. Bank, 82 Texas, 378, 17 S. W., 918; Bisso v. Wiggins, 92 Texas, 222, 47 S. W., 637; Davies v. Texas Emp Ins. Co., 16 S. W. (2d) 524; Pope v. Kansas City, M. & O. Ry. Co., 109 Texas, 311, 207 S. W., 514.

MR. JUSTICE SHARP delivered the opinion of the court.

For a partial statement of the nature and result of this case we adopt the following clear statement from the opinion of Justice Looney, speaking for the Court of Civil Appeals:

"Following an award of the Industrial Accident Board in favor of Jim Arnold, compensating him for incapacity resulting from injuries sustained in the course of employment with Brown Cracker & Candy Company, the Texas Employers' Insurance Association (insurer) filed suit in the district court of Dallas County to set aside the award, but later an agreed judgment was entered in favor of Arnold and his attorneys for $1,300, which was paid.

"Thereafter, Arnold filed suit against appellant to set aside the agreed judgment, upon grounds of fraud and misrepresentations, alleged to have been practiced by appellant's repre-

sentatives, inducing him to agree to the settlement, concluding with the prayer that the award of the board be matured; that he recover the whole of the same, with penalty and attorney's fees; and, in the alternative, that he recover judgment for 401 weeks compensation, less $1,300 paid on the agreed judgment, and further in the alternative, prayed for damages in the amount of $4,240. Thereafter, appellee urged the same cause of action in another suit against appellant filed in a district court of Dallas County, which was, by order of court, consolidated with the former.

"Appellant answered by general demurrer, general denial, and pleaded the agreed settlement, in bar. Appellant's general demurrer was overruled, the case was tried to a jury, and the only issues submitted were as to the alleged misrepresentations that induced appellee to agree to the settlement. These issues being found in favor of appellee, the court rendered judgment setting aside the agreed judgment, and allowed him compensation for 401 weeks at $13.85 per week, less $1,300 theretofore paid, from which this appeal is prosecuted."

The judgment of the trial court was affirmed by the Court of Civil Appeals. 57 S. W. (2d) 954.

█ It is undisputed that an agreed judgment, dated August 21, 1929, was entered in the District Court of Dallas County, in favor of Arnold against the Texas Employers' Insurance Association, for the sum of $1,300. A full settlement of this judgment was made by the insurance company to Arnold and his attorneys. That judgment was in all respects final. Thereafter Arnold sought to set aside the aforementioned judgment, on the ground of fraud and misrepresentations as to his physical condition. In order to set aside this judgment, the duty rests upon Arnold to allege and prove fraud, mistake, or accident, and diligence on his part, and that he has been deprived of his rights without his fault. Courts of equity may retry the case, set aside the judgment, and grant appropriate relief warranted by pleading and proof on the entire case. In such proceeding for relief against the judgment, every issue must be disposed of, and relief denied or granted. In the case of Humphrey et al. v. Harrell et al., 29 S. W. (2d) 963 (Texas Com. App.), the following principles were announced:

"It has long been the settled rule in this state that the trial court is without power to grant a new trial after the expiration of the term at which the judgment assailed is

rendered. The law has provided rules for new trials at the term at which a judgment is rendered, and, if a party has not availed himself of his legal remedy in a manner prescribed by law, it is lost. However, if it can be shown under certain circumstances where there has been fraud, accident, or mistake, and a person has been deprived of his rights through no fault of his own, courts of equity in the due exercise of their discretionary powers may grant relief by retrying the case upon its merits, and the former judgment may be set aside and such relief will be granted as is appropriate and warranted by pleading and proof on the entire case. Mussina v. Moore, 13 Texas, 8; Seguin v. Maverick, 24 Texas, 526, 76 Am. Dec., 117; Overton v. Blum, 50 Texas, 417; McMurray v. McMurray, 67 Texas, 665, 4 S. W., 357; Browning v. Pumphrey, 81 Texas, 163, 16 S. W., 870; Robbie v. Upson (Texas Civ. App.), 153 S. W., 406; Kruegel v. Carr, 58 Texas Civ. App., 449, 124 S. W., 723 (writ refused).

"The only relief to an injured party, other than by appeal, is by direct suit setting up equitable grounds for the relief sought. When such a petition for relief at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding. Roller v. Woolridge, 46 Texas, 485; Lamb-McAshen Co. v. Ellis (Texas Com. App.), 270 S. W., 547; Owens v. Foley, 42 Texas Civ. App., 49, 93 S. W., 1003, 1005 (writ of error denied); Cooper v. Cooper (Texas Civ. App.), 260 S. W., 679; Reed v. Runion (Texas Civ. App.), 269 S. W., 449; Bell v. Cobb (Texas Civ. App.), 296 S. W., 976; Barton v. Montex Corp. (Texas Civ. App.), 295 S. W., 950; Camden Fire Ins. Co. v. Hill (Texas Com. App.), 276 S. W., 887; Brown v. Clippinger, 113 Texas, 364, 256 S. W., 254."

See also Empire Gas & Fuel Co. v. Noble et al. (Texas Com. App.), 36 S. W. (2d) 451.

■ The trial court did not submit to the jury any of the following issues, namely:

(a) Whether defendant in error had sustained an injury in the course of his employment;

(b) Whether such injury, if any, resulted in incapacity;

(c) Whether such incapacity, if any, was total or partial;

470

(d) How long any such incapacity lasted or would last; or,

(e) What was defendant's in error average weekly wage.

Notwithstanding the failure to submit to the jury the above questions, the trial court rendered judgment setting aside the former judgment, and for compensation to be paid Arnold for 401 weeks at $13.85, less the $1,300 theretofore paid.

It will be noted that the only issues submitted to the jury were as to the alleged misrepresentations made to Arnold by the Insurance Company's agent and by Dr. Witt; Arnold's reliance thereon; and whether same induced him to agree to the judgment entered by agreement for $1,300. Based upon the findings of the jury to the only issues submitted, the trial court entered judgment as above indicated. However, issues relating to the foregoing questions were requested by counsel for Arnold, but the court refused to submit them. We have carefully examined the evidence introduced, and do not think it of such probative force as would remove all doubt with respect to such issues. These very questions were in controversy, and issues relating thereto should have been submitted to the jury and a finding made thereon. Without a finding on such issues, the trial court was not justified in setting aside the agreed judgment theretofore entered, and entering the judgment appealed from. Dallas Hotel Co. v. Davison, 23 S. W. (2d) 708, and authorities cited.

The judgments of the Court of Civil Appeals and of the District Court will be reversed, and this cause remanded to the District Court for another trial.

Opinion delivered December 11, 1935.

Rehearing overruled January 22, 1936.