**Gerald Harris SMITH, Appellant,**

v.

**Rita Faye SMITH, Appellee.**

**No. 17649.**

Court of Civil Appeals of Texas, Dallas.

May 21, 1971.

Tom C. Ingram, Jr., Dallas, for appellant.

Harold C. Abramson, Dallas, for appellee.

BATEMAN, Justice.

This is a bill of review proceeding filed by the appellee Rita Faye Smith in connection with her divorce suit against the appellant Gerald Harris Smith. The original suit was No. 69–3495–DR/3, in the Domestic Relations Court No. 3 of Dallas County, Texas. It was tried on September 10, 1969 and taken under advisement by the trial court until December 12, 1969, when judgment was entered granting appellee a divorce, custody and support of her chil-

dren and a division of the community property.

However, prior to the rendition of the judgment, on November 3, 1969, appellee filed a "Motion to Reopen Testimony and Require Delivery of Check" and on November 20, 1969 she mailed a letter to the judge of the trial court directing his attention to an "Amended Motion to Reopen Testimony and Motion to Hold Defendant in Contempt," which was enclosed therein. The trial court penned a memorandum on the margin of the said letter directing the clerk to set the motion for hearing and notify the attorneys. The matter was overlooked by the clerk and, consequently, no setting was made and no hearing was held. The docket sheet shows the rendition of the judgment on December 12, 1969, and immediately following that notation is one dated November 21, 1969 indicating that the amended motion to reopen had been filed. There is nothing in the record to indicate that this amended motion was again called to the attention of the court.

It does appear from the record that counsel for appellee learned of the entry of the judgment shortly after December 12, 1969, for on December 22, 1969 he filed a written notice of appeal, and a request for findings of fact and conclusions of law. This and certain correspondence between the attorneys make it quite clear, and it is not denied, that appellee's attorney had knowledge of the judgment in sufficient time to perfect an appeal, or to file a motion for new trial.

The bill of review was filed as a new suit in the same court, being numbered 70–1483–DR/3. It was tried on May 25, 1970, and the court entered a judgment therein on September 11, 1970, as follows:

"On this the 25th day of May, 1970, came on to be heard the above numbered and entitled proceeding, which is a proceeding in Bill of Review to set aside the judgment rendered by the Court in Cause No. 69–3495–DR/3, styled Rita Faye Smith vs. Gerald Harris Smith, and came the parties in person and through their attorneys and announced ready for trial; and the Court proceeded to hear the pleadings and the evidence and is of the opinion that in view of the filing of the Plaintiff in the original proceeding of motion and amended motion to reopen testimony and to require delivery of check and to hold Defendant in contempt of Court, which motions were called to the attention of the Court by counsel for the Plaintiff, whereupon the Court directed the Clerk of the Court to set same for hearing prior to entry of final judgment in said original proceeding, but that, due to the failure of the Clerk to set same for hearing as directed, the Court proceeded to enter a judgment without affording the original Plaintiff a hearing on the said motions, the effect of which hearing would have been a disclosure to the Court of funds secreted by the original Defendant and funds not paid by the Defendant as he testified; and further, after the entry of the said final judgment the Defendant paid funds in the sum of $879.50, contrary to the judgment of the Court and that the Plaintiff should have relief by way of Bill of Review due to the error of court personnel in not setting motions for hearing; and the Court having proceeded to hear pleadings and evidence after setting aside that portion of the original judgment as to property, is of the opinion that the Plaintiff is entitled to a judgment by way of supplement to the original final judgment, and further that the counsel for Plaintiff should be awarded compensation, which the Court finds to be the amount of $300.00, pertaining to the motions to reopen in the main suit, as a contract for a necessary furnished to the wife therein;

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that the Plaintiff have and recover judgment (a) setting aside that portion of the original final judgment pertaining to division of property and attorney's fees; and (b)

that the said final judgment be, and it is hereby, supplemented as follows:

" 'IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff, Rita Faye Smith, have and recover of and from Gerald Harris Smith the sum of $1,000.00; and

" 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said Plaintiff recover of and from said Defendant the sum of $300.00 for and on behalf of Harold C. Abramson, and all costs of both proceedings are assessed and taxed against the Defendant, Gerald Harris Smith, for which let execution issue.' "

By his first point of error on appeal the appellant challenges the judgment because of no evidence to show that appellee had, prior to filing her petition for bill of review, exhausted her available remedies at law to secure the desired relief from the judgment in the original proceeding. We agree with appellant.

█ A bill of review in our practice is an equitable means of providing an unsuccessful litigant a review of the trial when, through no fault of his, his legal means of obtaining that review by appeal or writ of error have been lost. As said in Birge v. Conwell, 105 S.W.2d 407, 408 (Tex.Civ. App., Amarillo 1937, writ ref'd):

"The bill of review is an equitable remedy and cannot be used to take the place of a motion for new trial, appeal, or writ of error."

McDonald, Texas Civil Practice, Vol. 4, p. 1498, puts it this way:

"A bill of review is not a mere alternative of review on motion for new trial or upon appeal, and it may therefore be successfully urged only when there remains no other method of assailing the judgment."

See also Ziebarth v. Lee and Beulah Moor Children's Home, 431 S.W.2d 798, 800 (Tex.Civ.App., El Paso 1968, no writ), and Moore v. Mathis, 369 S.W.2d 450, 454 (Tex.Civ.App., Eastland 1963, writ ref'd n. r. e., Cert. Den. 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659).

█ Appellee obviously had sufficient notice of the judgment since her notice of appeal was filed within ten days. Having failed to avail herself of her legal remedies of motion for new trial and appeal when she had ample time and opportunity to do so, and not having been prevented from doing so by fraud or other misconduct of appellant, she was not entitled to relief by bill of review. See Hanks v. Rosser, 378 S.W.2d 31, 34 (Tex.Sup.1964); Lynn v. Hanna, 116 Tex. 652, 296 S.W. 280, 281 (1927); McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961); French v. Brown, 424 S.W.2d 893, 895 (Tex.Sup. 1967).

Appellee relies on Vogel v. Vogel, 405 S.W.2d 87 (Tex.Civ.App., San Antonio 1966, no writ). In that case the father sued for change of custody of his children. The mother mailed to the court a letter which she intended to be her answer, but which the clerk inadvertently did not file. A judgment by default was given the father. The mother petitioned for a bill of review in the same court. She learned of the default judgment and filed her petition for bill of review after her time for filing a motion for new trial had expired but before the expiration of her time for suing out a writ of error to the Court of Civil Appeals. It was held that "appellate review of the judgment by writ of error would have been inadequate, and her bill of review was properly entertained" by the district court.

The mother's position in *Vogel* was similar to that of appellee here in that they both contended that an appeal without the opportunity of proving additional facts would have produced an empty victory. But there is this vast and important difference—appellee here had ample opportunity and time to file a motion for new trial

which, if granted, would have given her full opportunity to introduce the additional evidence she desired, while Mrs. Vogel's time for filing motion for new trial had expired when she first learned of the default judgment. For this reason, we do not consider *Vogel* controlling here.

Appellant's first point of error is sustained.

By his Points of Error 2 through 6 appellant attacks the sufficiency of the evidence and the pleadings to support the judgment. Since by sustaining the first point of error we have held that appellee's action by bill of review was ineffectual to accomplish any change in, or supplement to, the judgment in the original suit, nothing could be accomplished by our discussing or passing upon these points.

In his seventh point appellant complains because the judgment sets aside and supplements parts of an unseverable judgment in the former suit, which had become final. In other words, as appears from the above quoted judgment in this bill of review action, it does not even purport to do more than increase the wife's share of the community property and increase the amount of her attorney's fee, without disturbing other portions of the original judgment.

■ We think this type of supplementary judgment runs afoul of the third sentence in Rule 301, Vernon's Texas Rules of Civil Procedure: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." The final judgment in a bill of review action should either deny any relief to the plaintiff or set aside the former decree in its entirety and substitute therefor a new judgment properly adjudicating the entire controversy. McDonald, Texas Civil Practice, § 18.30, p. 1504; and Petty v. Mitchell, 187 S.W.2d 138, 139 (Tex.Civ. App., Beaumont 1945, writ ref'd), where it was said that the bill of review "is not intended to be used as a means of review of its own final judgment by a court, or to

correct errors into which it may have fallen." To the same effect, see Texas Employers' Ins. Ass'n v. Arnold, 126 Tex. 466, 88 S.W.2d 473 (1935).

For the reasons given, the seventh point of error is sustained.

■ By his eighth point of error appellant complains of the allowance in the judgment appealed from of an additional $300 fee to appellee's attorney. Having held that no relief could be obtained by appellee by this bill of review proceeding, we sustain the eighth point of error.

For the reasons given above, the judgment appealed from is reversed and here rendered that appellee take nothing by her bill of review.

Reversed and rendered.