**Dora Guillen JONES, Appellant,**

v.

**James JONES, Appellee.**

No. 1980cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

John J. Pichinson, Corpus Christi, for appellant.

Virgil Howard, Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a proceeding in the nature of a bill of review in a divorce action. The trial court, granted the bill of review and changed the terms of a previous judgment.

The divorce was filed by James Jones-appellee. Dora Guillen Jones, appellant, filed a waiver of citation and did not otherwise appear. A property settlement agreement was filed, approved by the trial court and the divorce was granted. That judgment was not appealed and became final.

Thereafter, Mr. Jones filed a bill of review seeking to set aside the property settlement agreement alleging that Mrs. Jones had concealed community funds in excess of Thirty Five Thousand and No/100 Dollars ($35,000.00) in a savings account. The trial court, after a trial without a jury, held that Mrs. Jones had concealed the funds, that this constituted extrinsic fraud, that Mr. Jones was not negligent in failing to discover the existence of the funds and, was therefore entitled to a bill of review. The court reconsidered the division of the property and awarded Mr. Jones Eighteen Thousand and No/100 Dollars ($18,000.00) of the funds in question. Mrs. Jones perfected an appeal from this judgment.

On appeal, Mrs. Jones contends that the trial court erred because Mr. Jones "failed to allege and prove facts sufficient to entitle him to a bill of review" and "in rendering judgment in favor of appellee on any grounds other than those plead (sic) in the bill of review, if he did, since appellee failed to plead or prove any other sufficient grounds." We affirm.

The original action was one for divorce, disposition of community property and custody and support of the minor children. The parties reached an agreement regarding all issues. This agreement was approved by the trial court as submitted by the parties and provided that Mrs. Jones would receive three pieces of property including the home and furniture and a 1973 Cadillac. Mr. Jones received one piece of property, a 1973 Dodge pick-up and a 1977 Thunderbird and was ordered to pay Six Hundred and No/100 Dollars ($600.00) per month child support.

After the divorce had become final, Mr. Jones learned that Mrs. Jones had over Thirty Five Thousand and No/100 Dollars ($35,000.00) in a savings account. He filed suit seeking to enjoin Mrs. Jones from withdrawing the Thirty Five Thousand and No/100 Dollars ($35,000.00) from First Texas Savings Association and to partition the same as being assets not taken into consideration by the trial court in the original division of the community property. Thereafter, he filed his "Original Petition for Bill of Review."

In his petition for bill of review, Mr. Jones pled that Mrs. Jones fraudulently concealed from him community funds in excess of Thirty Five Thousand and No/100 Dollars ($35,000.00) and that he entered into a property settlement agreement unaware of these funds. He further pled that had he known of these funds he would not have agreed to give Mrs. Jones considerably more than ½ of the community property and that he was diligent because he had asked Mrs. Jones if there were any other accounts and she told him that no other savings accounts existed.

In the suit for partition, he alleged that the divorce decree failed to dispose of over Thirty Five Thousand and No/100 Dollars ($35,000.00) on deposit at First Texas Savings Association and that Mrs. Jones had fraudulently concealed these funds from him, that they were therefore tenants in common of these funds and he prayed that the court partition these funds. By agreement of the parties, the two suits were consolidated for trial. After a trial, the trial court made the following findings and conclusions which are recited in the judgment:

(1) James Jones and Dora Guillen Jones were divorced on February 7, 1980.

(2) That the parties entered into an agreed division of their property which was approved by the court.

(3) That, Dora Guillen Jones, in the settlement of the marital property, concealed deposits amounting to approximately $35,000.00.

(4) The funds on deposit with First Texas Savings Association were not taken into account by the court in the division of the marital assets of the parties.

(5) That the concealment by Dora Guillen Jones, constitutes extrinsic fraud affecting James Jones' rights, and that Mr. Jones was not negligent in failing to discover the funds.

(6) That James Jones is entitled to recover from the funds the sum of $18,000.00.

■ Recitations in the judgment itself of findings of fact and conclusions of law are not proper and cannot be considered as a substitute for separately filed findings of fact and conclusions of law.[1] *Texas Hauling Contractors v. Rose Sales Company,* 565 S.W.2d 240 (Tex.Civ.App.—Corpus Christi 1978, no writ). As such, they do not afford any basis upon which a losing party may attack the trial court's judgment. *Morin v. Morin,* 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Fenlon v. Jaffee,* 553 S.W.2d 422 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Roberson Farm Equipment Company v. Hill,* 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.). See also: *Gonzalez v. Cavazos,* 601 S.W.2d 202 (Tex.Civ.App.—Corpus Christi 1980, no writ). Therefore, we will not consider the findings of fact and conclusions of law recited in this judgment.

We are aware that there exists a conflict among several Court of Appeals on this issue. See, *Davis v. Davis,* 507 S.W.2d 841 (Tex.Civ.App.—Houston [14th District] 1974, rev'd on other grounds 521 S.W.2d 603; *Hemphill v. S & Q Clothiers,* 579 S.W.2d 564 (Tex.Civ.App.—Fort Worth 1979, no writ); *Cottle v. Knapper,* 571 S.W.2d 59 (Tex.Civ.App.—Tyler 1978, no writ).[2] See also: 4 McDonald, "Nonjury Trial", Sec. 16.05 (1979). However, we are convinced that the better reasoned approach is to not consider findings of fact and conclusions of law recited in the judgment. Such recitations tend to mislead the parties, possibly resulting in one party's failure to request and receive specific findings of fact essential to an attack on the sufficiency of the evidence.

■ Since no findings of fact or conclusions of law were properly filed by the trial court, and none were requested by the parties, we are relegated to an examination of the implied findings for support of the trial court's judgment. The judgment of the trial court will be affirmed if there is any evidence of probative force to support it upon any theory authorized by law. *Lassiter v. Bliss,* 559 S.W.2d 353 (Tex.Sup.1977); *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.Sup. 1962); *Atlantic Richfield v. Trull,* 559 S.W.2d 676 (Tex.Civ.App.—Corpus Christi, writ ref'd w.o.j.); *Don's Marine v. Haldeman,* 557 S.W.2d 826 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). In reviewing the evidence, we must consider only that evidence most favorable to the trial courts presumed findings and disregard all contrary evidence. *Renfro Drug Company v. Lewis,* 235 S.W.2d 609 (1950); *Oxford Development Company v. Eppes,* 422 S.W.2d 583 (Tex.Civ.App.—Corpus Christi 1967, no writ).

■ Also, in both points of error, Mrs. Jones contends that Mr. Jones failed to allege and prove facts sufficient to entitle him to a bill of review. If anything, these are "no evidence" points since they challenge the state of the evidence. *Chemical Cleaning, Inc. v. Chemical Cleaning &*

---

1. This should not be confused, however, with Tex.R.Civ.Pro. 683 which provides that the specific reasons for the granting of an injunction must be set out in the order. See, *State v. Cook,* 464 S.W.2d 105, 106 (Tex.1971).

2. We note that the Tyler Court has changed positions on this issue and evidently did so without explaining their departure from their well reasoned holding in *Fenlon, supra.*

*Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970). In passing on "no evidence" points we may consider only the evidence, if any, and the inferences therefrom tending to support the findings in question and we must disregard all evidence which would lead to a contrary result. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Salazar v. Hill,* 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

■ In order to be successful upon a bill of review, a litigant must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979); *Hildyard v. Fannel Studio,* 547 S.W.2d 332 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Alexander v. Hagedorn,* 226 S.W.2d 996, 998 (Tex.1950).

■ In order to set aside a judgment because of fraud, it is essential that the fraud be extrinsic and not intrinsic. *O'Meara v. O'Meara,* 181 S.W.2d 891 (Tex. Civ.App.—San Antonio 1944, writ ref'd); *McFarland v. Reynolds,* 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ). "Extrinsic fraud is basically some deception, collateral to the issues in the formal trial, practiced by the adverse party, which prevents the applicant from fully presenting his claim or defense in the former action." Nelson, Bill of Review: The Requirement of Extrinsic Fraud, 30 Baylor L.Rev. 539, 540 (1978). Intrinsic fraud on the other hand is deception which was litigated or could have been litigated in the trial which resulted in the judgment which is being attacked. *McFarland v. Reynolds, supra.; State v. Wright,* 56 S.W.2d 950, 952 (Tex.Civ.App.—Austin 1933, no writ).

■ The record shows that Mr. Jones testified that he knew nothing about the Thirty Five Thousand and No/100 Dollars ($35,-000.00) on deposit in First Texas Savings Association. Mr. Jones testified that he and Mrs. Jones frequently discussed what to do with their savings accounts and that they had never discussed the Thirty Five Thousand and No/100 Dollars ($35,000.00) in First Texas Savings Association. He testified that it was their custom to keep their valuable papers and records in a file box in the closet of their master bedroom where records such as birth certificates, titles to vehicles, certificates of savings, insurance papers, tax records, appliance warranties, deeds and savings accounts passbooks were kept. He further testified that he never saw any passbook in the file box indicating a deposit by Mrs. Jones in First Texas Savings Association. Mr. Jones also testified that he relied upon the records that they kept together in making a settlement in the divorce case and that he would not have been so generous in making a substantially disproportionate property settlement agreement had he known of these funds.

A careful review of the record, considering only the evidence and inferences in support of the implied findings and disregarding all to the contrary, indicates that there was evidence to support the court's judgment. Even if we view appellant's points of error as factual insufficiency points, in examining the record as a whole, we find that there is evidence of probative value to support the trial court's "findings." Accordingly, appellant's points of error are overruled.

The judgment of the trial court is affirmed.