**Ethel M. KESSLER, Appellant,**

v.

**Robert A. KESSLER, Appellee.**

**No. 13–84–389–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 21, 1985.
Rehearing Denied April 18, 1985.

C. Gerard Miller, Jr., Corpus Christi, for appellant.

Toufic Nicolas, Corpus Christi, for appellee.

Before BISSETT [1], UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is a purported appeal from a judgment rendered in a Bill of Review proceeding filed by the appellant, Ethel M. Kessler, in connection with her prior divorce suit against the appellee, Robert A. Kessler. The first issues to be decided are whether the remedy of a bill of review was available to appellant, and, if so, was the judgment rendered in the bill of review proceeding a final judgment.

The original suit for divorce, child custody and division of community property was filed on February 9, 1982, in the 214th District Court of Nueces County, Texas, and was docketed as Cause No. 82–640–F. A consent judgment was signed by the trial judge on June 29, 1982, which granted a divorce to the parties, made proper provision for the custody and support of the youngest child born to said marriage, and divided the community property of the parties in accordance with an agreed property settlement.

---

1. Associate Justice (Ret.), Court of Appeals, Thirteenth Supreme Judicial District, sitting by designation. TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1985).

On December 20, 1983, appellant filed an original Petition for a Bill of Review in the 214th District Court of Nueces County, Texas, which was docketed as Cause No. 83–6282–F, wherein she attacked the judgment in the divorce proceeding previously granted insofar as it divided the community property of the parties. She did not contest that part of the judgment which divorced her from the appellee, nor did she attack the custodial provisions of the judgment relating to the child (who is now over the age of 18 years).

■■■ There is no question but that the judgment rendered in the original divorce proceedings (Cause No. 82–640–F) was separate and divisible. In *Missouri-Kansas-Texas, R. Co. of Texas v. Pluto*, 138 Tex. 1, 156 S.W.2d 265 (1941), the opinion cited with approval the following rule:

A court having power to vacate a judgment entirely may grant less relief by vacating it in part only, where justice so requires. Where only a portion of the judgment is separable from the balance thereof, and the objection goes only to a separable part, the court should not set aside the whole judgment but only the objectionable part.

Therefore, the judgment rendered in the original divorce action is now final with respect to the divorce granted and to the custodial provisions therein contained. Those issues were not before the trial court in the Bill of Review. *See McFarland v. Reynolds*, 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Davis v. Walker*, 233 S.W. 521 (Tex.Civ.App.—Ft. Worth 1921, no writ).

Appellant, in her verified petition for Bill of Review, alleged facts which, if true, showed that she was prevented from asserting her right to a greater share of the community property accumulated by the parties during the marriage because of the extrinsic fraud perpetrated on her by appellee in securing her consent to the original property division. She also alleged that appellee had misrepresented the values of some of the property in the inventory filed by him in the divorce action. She further

alleged that the failure to discover the fraud until more than 30 days after the rendition of the judgment was not due to lack of diligence on her part. She sought a new trial on the community property division, plus an award of attorney's fees incurred in connection with her prosecution of the Bill of Review.

On August 22, 1984, the trial judge, in a trial to the court, rendered a judgment in Cause No. 83–6282–F, which, in words and figures, reads as follows:

## FINAL JUDGMENT

Hearings were held in this cause on April 19, 1984 and July 18, 1984. Both Petitioner and Respondent appeared in person and by their attorneys of record and announced ready for trial.

The Court having considered the evidence presented and the argument of counsel is of the opinion that Petitioner should be awarded $6,233.13.

IT IS THEREFORE ORDERED that the Respondent, ROBERT A. KESSLER pay Petitioner, ETHEL M. KESSLER the sum of $6,233.13 together with 9% interest from the date the parties were divorced on June 29, 1982.

Respondent is further awarded the sum of $3,000.00 as attorney's fees incurred in this cause which amount shall bear interest at the rate of 9% per annum from the date of this Judgment.

The costs of this proceeding are taxed against the Respondent. All other relief not herein granted is denied.

SIGNED this 22nd day of August 1984.

MIKE WESTERGREN,
Judge Presiding

Appellant contends that the trial court erred in failing 1) to set aside the agreed property settlement, 2) to vacate the prior judgment, and 3) to render a substitute judgment for the prior judgment which fairly divided the community property between the parties. Appellee contends: 1) that appellant is not entitled to any relief in this case because she pursued the wrong

remedy; and 2) that appellant is estopped from pursuing this appeal, having accepted the benefits awarded her by the prior judgment of the trial court. We first dispose of appellee's contentions.

A property settlement, reached by and between the parties in a divorce action, and an agreed judgment, which is rendered which incorporated such an agreement therein, are subject to being set aside in a bill of review proceeding because of extrinsic fraud. *McMurry v. McMurry,* 67 Tex. 665, 4 S.W. 357 (1887); *O'Meara v. O'Meara,* 181 S.W.2d 891 (Tex.Civ.App.—San Antonio 1944, writ ref'd.).

Under the allegations of fact set out in appellant's petition, the remedy by a bill of review was available to appellant. The petition was timely filed.

Appellee admitted that, prior to his filing of an Inventory of the community property, he deposited $8,310.84 (community funds) in the Southern National Bank in the name of another person. He also admitted that he intentionally omitted the above deposit from the Inventory filed by him in the divorce action.

Appellant testified that, at the time the agreed property settlement was made, she was not aware that appellee had deposited $8,310.84 in the Southern National Bank and that she did not learn of such deposit until six or seven months after the divorce decree became final. She also testified that she would not have agreed to the property settlement if she had known at the time that appellee had secreted money in a bank.

Appellant's acceptance of the community property disposition made in the original judgment does not, as a matter of law, estop her from a review of that disposition since she alleged that she was led into the agreement through fraud and misrepresentation on the part of appellee, through no fault or negligence by her. *McFarland,* supra, at 625. *See Ragsdale v. Ragsdale,* 520 S.W.2d 839 (Tex.Civ.App. —Ft. Worth 1975, no writ).

Appellant was not limited to a partition suit to recover her just portion of property that was not divided in the decree of divorce under the rule of *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970), as argued by appellee.

The next question to be answered in this case is whether the judgment rendered in the Bill of Review proceeding is a final judgment from which an appeal will lie. We answer that question in the negative.

The final judgment in a bill of review action should either 1) deny any relief to the petitioner or 2) grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute therefor a new judgment which properly adjudicates the entire controversy. *Texas Employers' Ins. Ass'n v. Arnold,* 126 Tex. 466, 88 S.W.2d 473 (1935); *Humphrey v. Harrell,* 29 S.W.2d 963 (Tex.Comm.App. 1930); *Crabtree v. Crabtree,* 627 S.W.2d 486 (Tex.App.—Corpus Christi 1981, no writ); *Smith v. Smith,* 468 S.W.2d 139 (Tex.Civ.App.—Dallas 1971, no writ). Only one final judgment may be rendered in a bill of review proceeding. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979).

It is a well-established rule of law in this state that, when a judgment rendered in a bill of review proceedings does not dispose of the entire controversy, it is not a final judgment from which an appeal will lie. *Henderson v. Shell Oil Co.,* 143 Tex. 142, 182 S.W.2d 994 (1944); *Hubbard v. Tallal,* 127 Tex. 242, 92 S.W.2d 1022 (1936, judgment adopted); *Shaw v. Cunningham,* 42 S.W.2d 685 (Tex.Civ.App.—Eastland 1931, writ ref'd). In that situation, the appellate court must dismiss the appeal for want of jurisdiction since the judgment from which the appeal is taken is interlocutory; such dismissal is without prejudice to the right to proceed to a final disposition of the entire controversy. *Hubbard v. Tallal,* 127 Tex. 242, 92 S.W.2d 1022 (1936, opinion adopted); *Smith v. Miller,* 285 S.W.2d 413 (Tex.Civ.App.—Galveston 1955, no writ); *Cooper v. Miller,* 100 S.W.2d 753 (Tex.Civ. App.—Waco 1937, no writ).

A bill of review proceeding based on extrinsic fraud does not contemplate the rendition of a judgment which merely awards the petitioner money because of such fraud, but it contemplates a re-examination of the entire case and the rendition of a judgment which fairly and finally disposes of all issues raised in the original trial and in the bill of review itself. *Winters Mutual Aid Association Circle No. 2 v. Reddin,* 49 S.W.2d 1095 (Tex.Comm.App. 1932, holding approved).

The rules, requirements, and procedures applicable to a bill of review were laid down by the Texas Supreme Court in *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). They were restated, reviewed, and thoroughly discussed in *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1984), in *Gracey v. West,* 422 S.W.2d 913 (Tex. 1968), in *French v. Brown,* 424 S.W.2d 893 (Tex.1967), and in *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979). There is no need to restate those rules, requirements and procedures in this opinion.

In a bill of review proceeding, in order to invoke the equitable powers of the court, the complainant must, by verified petition, allege factually that the prior judgment was rendered as a result of fraud, accident, or mistake, unmixed with the complainant's own negligence.

If a prima facie meritorious case has been shown by the petition for a bill of review, the court will then conduct a new trial on the issues raised by the pleadings in the bill of review action. This trial may, in the discretion of the trial court, be conducted in one hearing or in separate hearings. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979); *Warren v. Walter,* 414 S.W.2d 423 (Tex.1967). *See* also, *Johnnie C. Ivy Plumbing Co. v. Chapa,* 567 S.W. 897 (Tex.Civ.App.—San Antonio 1978, no writ). After the trial has been completed, a final judgment must be rendered, and, if the complainant prevails, he (she) will be entitled to have that portion of the original judgment under attack set aside and a new judgment rendered which equitably disposes of the entire controversy between the parties. *Hubbard v. Tallal,* 127 Tex. 242, 92 S.W.2d 1022 (1936, opinion adopted). *Swenson v. Swenson,* 466 S.W.2d 424 (Tex. Civ.App.—Houston [1st Dist.] 1971, no writ).

Here, a trial before the court was held on July 18, 1984. The evidence shows conclusively that appellee, in the original trial, fraudulently concealed a cash deposit, which constituted community property, in the amount of $8,310.84. It was also proved conclusively at the hearing on the petition for Bill of Review that the prior judgment was not rendered as a result of any fault or negligence on the part of appellant. It was further established beyond question that appellant did not learn of this fraud until the time for prosecuting an appeal, either by direct appeal from the original judgment or by writ of error, had expired.

The judgment in the original divorce action was not introduced in evidence at the hearing on the Bill of Review and no evidence as to the community property of the parties was presented to the trial court at that hearing.

Evidently, the trial judge was of the opinion that the judgment in the bill of review action would be supplementary to the original judgment, and that the two judgments would be sufficient to equitably divide *all* of the community property acquired by the parties. That cannot be done. There is no law which permits a final judgment in an original proceeding to be supplemented by a subsequent judgment in a bill of review proceeding. To do so would run afoul of Rule 301, TEX.R. CIV.P., and the holdings by the Texas Supreme Court, that there can only be one final judgment in a bill of review proceeding, which *must* set aside the prior judgment and *must* render a substitute judgment for the former judgment which adjudicates the entire controversy between the parties. *See Bridgman v. Moore,* 206 S.W.2d 871 (Tex.Civ.App.—Beaumont 1947, writ ref'd n.r.e.); *Smith v. Smith,* 468 S.W.2d 139 (Tex.Civ.App.—Dallas 1971, no writ).

A bill of review to set aside a former judgment, in whole or in part, goes to the very foundation of the prior judgment and does not involve a revision of that judgment for errors committed or for relief in addition to the relief granted in the original judgment. *Winters Mutual Aid Association Circle No. 2 v. Reddin,* 49 S.W.2d 1095 (Tex.Comm.App.1932, holding approved).

Appellee, in his brief, argues that, under the holding of *Jones v. Jones,* 641 S.W.2d 342 (Tex.App.—Corpus Christi 1982 no writ), "it was not necessary for the trial court to reopen the entire settlement agreement any more than it was in *Jones v. Jones.* Having found that appellant had been injured only as to the one savings account, the court correctly proceeded to apportion the funds therein." We do not agree.

The *Jones* case is distinguishable from this case. In *Jones,* while the opening paragraph and certain language in the opinion indicate that the appeal is from a judgment rendered in a bill of review proceeding only, a reading of the case shows that two suits were filed by James Jones, one being a bill of review and the other being a partition suit. In the bill of review action, he sought to set aside the original property settlement on the ground that Dora Guillen Jones, his ex-wife, had fraudulently concealed community funds in excess of $35,000.00. In the suit for partition, he alleged that the divorce decree failed to dispose of community funds of more than $35,000.00, which his ex-wife had fraudulently concealed from him, and that they were, therefore, tenants in common of these funds, which should be partitioned. By agreement of the parties, both suits were consolidated for trial. Judgment was rendered whereby James Jones was awarded $18,000.00. The division of the community property made in the original decree of divorce was not disturbed. The judgment of the trial court in *Jones* can be sustained *only* on the theory that it was authorized by the suit for partition of community property that was not divided by the original decree. In that respect, it is distinguished from the case at bar. We do not consider *Jones* to be controlling here.

■ What we wish to here reiterate is that, in a bill of review proceeding, a judgment which is merely supplementary to the former judgment without setting aside the prior judgment and rendering a final judgment on the merits of the controversy is a nullity, and leaves the former judgment "standing undisturbed." *Hermann Hospital Estate v. Nachant,* 55 S.W.2d 505 (Tex. Comm.App.1932, holding approved); *Smith v. Poppe,* 102 S.W.2d 1108 (Tex.Civ.App.— San Antonio 1937, no writ).

Appellant, in her petition for a Bill of Review, in pertinent part, stated:

Plaintiff requests that the Court set aside and cancel the settlement agreement signed by the Plaintiff and Defendant for the reasons set forth above; that the Court set aside judgment rendered on the 29th day of June 1982, which incorporated the terms of the property settlement agreement; and that the Court order division of the estate of the parties in a manner that the Court deems just and right. . . .

■ The judgment in question did not expressly set aside either the property settlement agreement or the former judgment insofar as it divided the community property of the parties. Such former judgment cannot be set aside in a bill of review proceeding by implication. The judgment is nothing more than a personal judgment against appellee for the recovery of money. It did not settle the entire controversy (a proper division of community property) between the parties.

An examination of the statement of facts, the comments made by the trial judge during the hearing on the Bill of Review, and the recitations in the judgment shows that the only issues intended by the trial court to be resolved were whether 1) appellee fraudulently concealed community assets, and, if so, how much of the concealed assets should be awarded appellant, and 2) whether appellee had misrepresented the values of certain properties in the

Inventory of community property previously filed by him. The judgment was clearly in accord with such intentions. There was no intention to set aside the original property settlement agreement, or to vacate the prior judgment, or to render a new judgment which would divide the community property in accordance with the equities after taking the concealed assets into consideration. Consequently, since the judgment in the Bill of Review proceeding 1) did not set aside the prior judgment; 2) did not divide *all* of the community property between the parties; and 3) did not thereby settle and dispose of the entire controversy, a final judgment has not been rendered in this case. We have no choice but to dismiss the appeal without prejudice to the right of appellant to a judgment which finally divides the community property of the parties and thereby disposes of the entire controversy between her and appellee. Until such a judgment is rendered, the Bill of Review remains pending in the trial court.

In view of our disposition of this purported appeal, it is not necessary that we dispose of appellee's crosspoints. We express no opinion as to the merits on the issues so raised.

Appeal dismissed without prejudice.