IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-376-CV





B. ELLIOTT ZIRKLE AND KAY LAMBERT,



 APPELLANTS


vs.





THOMAS L. HENDRICK AND IONE HENDRICK,



 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 93-10253, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING



 





PER CURIAM



 Appellants B. Elliott Zirkle and Kay Lambert (collectively "Zirkle") appeal from
an order of the district court of Travis County granting appellees Thomas L. Hendrick and Ione
Hendrick's equitable bill of review. Because the order appealed from is interlocutory, we will
dismiss the appeal for want of jurisdiction.

 The Hendricks filed the petition for bill of review (1) to set aside a judgment
confirming an arbitration award against them and in favor of Zirkle. On Zirkle's motion, the trial
court submitted the cause underlying that judgment to arbitration. In their petition for bill of
review, the Hendricks allege that they did not receive notice of the arbitration hearing, did not
attend the hearing, did not receive notice of the trial-court hearing on confirmation of the
arbitration award, and did not receive notice of the rendition of judgment against them for
damages of $45,000.00 and attorney's fees of $17,701.95. The Hendricks assert that they first
learned of the judgment when served with a writ of execution.

 After a hearing, the trial court rendered its order granting the Hendricks' petition
for bill of review and setting aside the previous judgment and the arbitration award underlying that
judgment. The judgment orders the claims in the original cause to arbitration and directs the
parties to return to the trial court after arbitration for rendition of judgment based upon the
arbitration award. This order underlies the appeal before this Court.

 The order, however, is not a final and appealable judgment because it does not
dispose of all the claims before the trial court. Tex. Civ. Prac. & Rem. Code Ann. § 51.012
(West 1986); New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678-79 (Tex. 1990);
North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). A final judgment in
a bill of review proceeding should either deny any relief to the petitioner or grant the bill of
review, set aside the former judgment, and render a new judgment that adjudicates the entire
controversy. Texas Employers' Ins. Ass'n v. Arnold, 88 S.W.2d 473, 474 (Tex. 1935); Kessler
v. Kessler, 693 S.W.2d 522, 525 (Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.). Only one
final judgment may be rendered in a bill of review proceeding. Tex. R. Civ. P. 301; Baker v.
Goldsmith, 582 S.W.2d 404, 409 (Tex. 1979); see Turner v. Nesby, 848 S.W.2d 872, 873 n.1
(Tex. App.--Austin 1993, no writ).

 Zirkle contends that the judgment here is final because it "not only sets aside the
earlier judgment confirming the arbitration award, but actually determined that the arbitration
decision was unenforceable and ordered the parties back to arbitration." (2) Zirkle states that the
issue in the original lawsuit was the enforceability of the arbitration award. Because the trial court
has again ordered arbitration, nothing remains for the trial court to determine.

 We disagree. The claims at issue in the original lawsuit are now unresolved. See
Baker, 582 S.W.2d at 409 (when trial court grants bill of review, bill of review defendant assumes
burden to prove his original cause of action); Kessler, 693 S.W.2d at 526 (bill of review
proceeding contemplates a re-examination of entire case and rendition of judgment that disposes
of all issues raised in original trial and bill of review). This situation is not distinguishable from
one in which a trial court orders separate hearings on the two elements of the bill of review
proceeding. See Warren v. Walter, 414 S.W.2d 423, 424 (Tex. 1967); Kessler, 693 S.W.2d at
526. In fact, the order directs the parties to return to the trial court for rendition of a judgment
based on the arbitration award.

 With certain exceptions not applicable here, an appellate court has jurisdiction only
over appeals from final judgments. Sanchez, 799 S.W.2d at 678-69; Aldridge, 400 S.W.2d at
895. Because the order appealed from does not resolve all of the issues before the trial court, it
is interlocutory. Accordingly, we dismiss the appeal for want of jurisdiction.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: August 31, 1994

Do Not Publish
1. [1] A bill of review is an equitable proceeding brought by a party to a prior action to set aside
a trial-court judgment that is no longer subject to a motion for new trial or to appeal. Tex. R.
Civ. P. 329b(f); Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Cherry v. Altman, 872
S.W.2d 46, 47 (Tex. App.--Fort Worth 1994, writ denied).
2. [2] On receipt of the transcript, the Clerk of this Court referred the matter to the Court which
requested Zirkle to address the question of the finality of the judgment. See Tex. R. App. P.
56(a), 58(b), 60(a)(2).