Cumbow v. TGSLC 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-280-CV





MICHAEL E. CUMBOW,



 APPELLANT


vs.





TEXAS GUARANTEED STUDENT LOAN CORPORATION,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY 



NO. 179,438, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 





PER CURIAM


 Appellant Michael Cumbow tendered a transcript to this Court that contains neither
an appealable judgment nor a perfecting instrument. Because these defects have not been
remedied, we will dismiss the appeal for want of jurisdiction.

 The transcript shows that appellee Texas Guaranteed Student Loan Corporation
sued Cumbow on a note in 1988. The county court at law signed a default judgment against
Cumbow on March 6, 1989, which resolved all claims the Corporation had against Cumbow. In
1994, Cumbow filed a petition against the Corporation in the same court, complaining that the
Corporation had denied him proper notice of its suit and praying that the court dismiss the
judgment against him. The transcript does not show that the county court at law ever rendered
a judgment disposing of Cumbow's suit against the Corporation. Although the transcript contains
an order reducing the cost bond on appeal to $65.00, no cost bond or other perfecting instrument
appears.

 The Clerk of this Court notified Cumbow that he would not file the transcript until
Cumbow tendered a supplemental transcript containing an appealable judgment and a perfecting
instrument. The supplemental transcript, due September 12, 1994, has not been tendered.

 The judgment of March 6, 1989, appears final on its face, and the time to appeal
it has passed. Tex. R. App. P. 41(a)(1), 45. While a bill of review can be brought to attack a
judgment after the time for an appeal has expired, the bill of review must result in its own
judgment. Kessler v. Kessler, 693 S.W.2d 522, 525 (Tex. App.--Corpus Christi 1985, writ ref'd
n.r.e.); see Tex. R. Civ. P. 329b(f). Unless a final judgment has been rendered in Cumbow's suit
against the Corporation, this Court has no appellate jurisdiction. Tex. Civ. Prac. & Rem. Code
Ann. § 51.012 (West 1986); North E. Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex.
1966).

 In addition, this Court has no jurisdiction over an appeal in the absence of a filed
perfecting instrument. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). Because Cumbow
has provided this Court neither an appealable judgment nor a perfecting instrument, we dismiss
the appeal for want of jurisdiction. Tex. R. App. P. 56(a), 60(a)(2).


Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Dismissed for Want of Jurisdiction

Filed: October 19, 1994

Do Not Publish