NUMBER 13-04-639-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

RICARDO GARCIA,                                                  Appellant,

 

                                           v.

 

MIRTA GLORIA LONGORIA, 

MIGUEL ANGEL LONGORIA,
AND 

DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY, Appellees.

 

 

 

             On appeal from the County
Court At Law No. 5

                                of
Hidalgo County, Texas.

 

 

 

                        MEMORANDUM OPINION 

ON
MOTION FOR REHEARING

 

                     Before Justices Hinojosa, Yañez, and
Castillo

                        Memorandum Opinion by Justice Castillo

 








This appeal was
brought from a "judgment for permanent injunction" which issued on
July 13, 2004, in a case where the trial court had already issued an
interlocutory default judgment on March 8, 2004, followed by a final judgment
dated May 13, 2004.  We dismissed for
want of jurisdiction.  In our opinion,
dated February 16, 2006, we concluded that no motion for new trial or other
motion to extend the court's plenary power was filed and the trial court's
jurisdiction expired in June 2004. 
Additionally, no bill of review was filed.[1]  Then, on July 2, 2004, Miguel Longoria filed
a motion for injunctive relief.  Although
filed less than ninety days after the judgment, for the reasons set forth in
our opinion[2]
that motion failed to satisfy the requisites of rule 306a and failed to extend
the plenary power of the court.  Tex. R. Civ. P. 306a.








We further observed
that judicial action taken after the trial court's plenary power has expired is
void,[3]
and that void or invalid trial court judgments rendered without jurisdiction
are properly challenged by mandamus.  In re Dickason, 987 S.W.2d 570, 571 (Tex.
1998) (orig. proceeding) (holding that mandamus is the appropriate remedy to
set aside an order granted after the court's plenary power has expired and that
is, therefore, void); see also Dikeman v. Snell, 490 S.W.2d 183, 186
(Tex. 1973) (orig. proceeding).  

Appellant points us to
the order of this Court dated December 7, 2004, in which his petition for
mandamus related to this same matter, Cause No. 13-04-00634-CV, was denied,
based upon the pending appeal.  

Because this appeal
was taken from an order that issued without jurisdiction and which is therefore
void, we cannot assert jurisdiction over this matter in this appeal.  State ex. rel Latty v. Owens, 907 S.W.2d
484, 486 (Tex. 1995).  The motion
for rehearing is denied.  However,
because of the circumstances presented, and because this Court has now
determined there is no adequate remedy by appeal, this Court will entertain a
newly-filed petition for writ of mandamus and a motion to transfer the records
into the new cause.                                                                    

 

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion on Motion for Rehearing 

delivered and filed
this the 18th day of May, 2006.                             











[1] Upon the expiration of
the trial court's plenary power, a judgment cannot be set aside by the trial
court except by bill of review for sufficient cause, filed within the time
allowed by law.  See Tex. R. Civ. P. 329b(f).  A bill of review is an equitable action
brought by a party to a prior action who seeks to set aside a judgment that is
no longer appealable or subject to a motion for new trial.  State v. 1985 Chevrolet Pickup Truck, 778
S.W.2d 463, 464 (Tex. 1989) (per curiam) (op. on reh'g); Mowbray v. Avery,
76 S.W.3d 663, 682 (Tex. App.BCorpus Christi 2002, pet.
denied).  To have the judgment set aside,
the complainant must first meet certain pretrial burdens and then prevail on
the merits.  Baker v. Goldsmith,
582 S.W.2d 404, 406-07 (Tex. 1979); Kessler v. Kessler, 693 S.W.2d 522,
526 (Tex. App.BCorpus
Christi 1985,writ ref'd n.r.e.). 





[2] Garcia v. Longoria, No.
13-04-639-CV, 2006 Tex. App. LEXIS 1292 (Tex. App.BCorpus Christi Feb. 16, 2006)
(memorandum opinion). 





[3] See State ex. rel
Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); Mapco, Inc.
v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as
one rendered when a court has no jurisdiction over the parties or subject
matter, no jurisdiction to render judgment, or no capacity to act as a court).