**Opinion filed July 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00183-CV
_____

## PAMELA HOLBROOK, Appellant

## V.

## EVERETTE BOOKER, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-126,846**

## M E M O R A N D U M   O P I N I O N

The trial court entered a divorce decree in a divorce action that Everette Booker had filed against Pamela Holbrook.[1] Although Everette filed the divorce, he was not present for the final hearing; Pamela was. Sometime after the trial

---

[1]By a nunc pro tunc order entered after the trial court granted the divorce, Pamela obtained a name change from Booker to Holbrook.

court entered the decree, Everette filed a petition for bill of review in relation to certain monies that the parties had received in connection with third-party claims related to an on-the-job injury that Everette suffered. Because Pamela abused the discovery process in the bill of review proceeding, the trial court struck her pleadings, and it heard and granted Everette's petition for bill of review.

When it granted the bill of review, the trial court rendered a judgment that provided, in part: "On the Bill of Review, the Court finds in favor of [Everette] and against [Pamela] in the amount of $839,633.43." The trial court also ordered that Everette was "entitled" to pre-judgment interest of $185,419.05 and post-judgment interest. It also held that Everette was "entitled" to attorney's fees that it had already assessed in connection with the discovery sanctions. The trial court had already found that Pamela, on at least two occasions, had abused the discovery process, and it had assessed attorney's fees against her in the amounts of $1,000 and $2,500; the trial court included those amounts in its order and judgment on the bill of review. Additionally, the trial court provided that "[t]his judgment finally disposes of all parties and all claims and is appealable."

Pamela raises three issues on appeal. In those three issues, she asks us to determine whether the trial court properly granted Everette's bill of review, whether the trial court properly struck Pamela's pleadings for discovery abuse, and whether the trial court awarded excessive damages against her. Holbrook has not complained about the procedure utilized by the trial court in the entry of the final judgment in this case.

Before we may reach Pamela's issues, we must address a preliminary issue: appellate jurisdiction. Although neither party has addressed jurisdictional issues, we must address them on our own motion. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990).

Generally, one may assert an appeal only from a final judgment. *Vaughn v. Drennon*, 324 S.W.3d 560, 562 (Tex. 2010) (judgment entered after a conventional trial on the merits); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (unlike the case now before us, *Lehmann* involved a summary judgment). But, under certain circumstances, a judgment may be final for purposes of appeal even though it does not expressly dispose of all issues and claims. Our supreme court has written, in reference to cases in which there has been a conventional trial on the merits:

> "When a judgment, *not intrinsically interlocutory in character*, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174…, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties."

*N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966). (emphasis added).

But a bill of review proceeding has its own unique characteristics. "A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, No. 14-0629, 2015 WL 4497983, at *2 (Tex. July 24, 2015) (per curiam) (not yet released for publication) (quoting *Mabon Ltd. v. Afri-Carib Enters.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam)). "The final judgment in a bill of review action should either deny any relief to the petitioner or grant the bill of review and set aside the former judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy." *Shahbaz v. Feizy Imp. & Exp. Co.*, 827 S.W.2d 63, 64 (Tex. App.—Houston [1st Dist.] 1992, no writ). If, then, a judgment in a bill of review action grants the bill of review, but does not "set aside the former

3

judgment, insofar as it is attacked, and substitute a new judgment which properly adjudicates the entire controversy," it would seem to us that the judgment is interlocutory. If a trial court grants a bill of review, two things yet remain for the trial court to do: (1) set aside the former judgment that it entered previously in the main case, and (2) substitute a new judgment in which it adjudicates the entire controversy insofar as it is attacked. Here, the trial court granted the bill of review, but it did not expressly set aside the former judgment regarding the property issues and neither did it enter a new judgment relative to those issues.

The order of the trial court can be read to mean that the trial court actually granted the bill of review: "This Court … is of the opinion that said Bill of Review with respect to the division of the 'Settlement Funds' should be granted." However, we cannot say that the trial court set aside the former judgment on that issue. Neither can we say that the trial court substituted a new judgment by which it adjudicated the controversy insofar as the petitioner attacked it in the bill of review. The trial court did not mention "Settlement Funds" in the divorce decree. What it did do as far as any cash was concerned was to award each party any sums of cash in his or her possession or subject to his or her sole control. By way of contrast, as we have said, in the "Judgment and Order on Petition for Bill of Review," the trial court found: "On the Bill of Review, the Court finds in favor of [Everette] and against [Pamela], in the amount of $839,633.43." The court ordered nothing further in that connection, and the order is more like an award of damages than one in which an equitable division of marital property—the issue in a property division award in a divorce case—is ordered. In fact, in its own language in the order, the trial court awarded pre-judgment interest "*on the damages* awarded herein." (emphasis added).

A judgment in a bill of review proceeding cannot merely supplement the original judgment. *Kessler v. Kessler*, 693 S.W.2d 522, 526 (Tex. App.—Corpus

4

Christi 1985, writ ref. n.r.e.). If it grants a bill of review, the trial court must set aside that portion about which the complaint is made and then it must issue a substitute judgment by which it adjudicates the entire controversy. *Id.* Of course, only the challenged portion of the original judgment will be changed, but in this way there will be only one final judgment by which all issues in the original case are determined and the entire controversy decided. TEX. R. CIV. P. 301 (with exceptions not applicable here, only one final judgment allowed); *Kessler*, 693 S.W.2d at 526.

The court discusses that procedure in *Kiefer*. There, the trial court granted a bill of review in connection with a parentage adjudication contained in a divorce decree. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006). The trial court there entered a summary judgment in which it set aside the parentage adjudication, but it did not enter a new adjudication as to parentage. *Id.* The court of appeals affirmed.[2] *Id.* On appeal to the supreme court, the court held that the court of appeals lacked jurisdiction to hear the appeal: "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Id.* (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990)). The court so held even though the case involved summary judgment.

In *Kiefer,* the trial court had set aside the parentage adjudication, but it did not enter a substitute parentage adjudication to replace it. *Id.* Likewise, in *Tesoro*, the trial court granted the bill of review, set aside a summary judgment that it had

---

[2]In the court of appeals, Chief Justice Tom Gray disagreed with the majority in that court in *Kiefer*. *Kiefer v. Touris*, No. 10-03-00331-CV, 2005 WL 1531063, at *3–4 (Tex. App.—Waco June 29, 2005) (Gray, C.J. dissenting), *rev'd*, 197 S.W.3d 300 (Tex. 2006). He would have held, as did the supreme court later, that the bill of review judgment was interlocutory and that the appellate court had no jurisdiction. *Id.* Chief Justice Gray reasoned that the bill of review judgment did not dispose of all issues in the case on the merits and was, therefore, interlocutory. *Id.*

entered and ordered a new trial, but it did not enter a substitute order that disposed of all of the issues. 796 S.W.2d at 705. Here, we do not believe that the trial court did either. Rather than set aside the property division portion of the decree, and enter a new judgment, the trial court, by its own language, merely awarded damages. It is instructive to us that the *Kiefer* court did not cite to *Lehmann.* We also note that the court's opinion in *Kiefer* with its relevance to *Tesoro* came after its decision in *Aldridge* and in *Lehmann.* We are of the opinion, then, that the judgment in this case is not merely erroneous, if it is—a question we obviously do not decide—it is interlocutory. In a bill of review proceeding, it is entirely possible that a judgment is not erroneous, as far as it goes, but at the same time be interlocutory because it does not go far enough.

The "Judgment and Order on Petition for Bill of Review" is interlocutory, and we have no jurisdiction to entertain an appeal from it.

We dismiss the appeal.

JIM R. WRIGHT
CHIEF JUSTICE

July 30, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6