**Terry KIEFER and Kelly Jo Wood, Petitioners,**

v.

**Ioannis John TOURIS and Dennis G. Brewer, Jr. ex rel. A.K., a Minor, Respondents.**

No. 05–0651.

Supreme Court of Texas.

May 26, 2006.

Rehearing Denied Aug. 25, 2006.

Brad M. LaMorgese, Cooper & Scully, P.C., Laurence A. DePlaza, Laurence A. DePlaza, P.C., Dallas, for petitioner Terry Kiefer.

Stephen W. Shoultz, McGready Lewis Richeson, Law Offices of Stephen W. Shoultz, Karen Blakely Turner, Ryan William Greene, Broome, Bobo & Greene, L.L.P., Dallas, for petitioner Kelly Jo Wood.

Ron Massingill, Peggy Lynn Pasquini, Peggy Pasquini, P.C., Dallas, Cherl Kay Harper Byles, Burleson, Richard R. Orsinger, McCurley, Orsinger, McCurley, Nelson & Downing L.L.P., San Antonio, for respondent Ioannis John Touris.

Dennis G. Brewer Jr., Irving, Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, for respondent Dennis G. Brewer, Jr. ex rel. A.K.

PER CURIAM.

In this case we consider whether a judgment in a bill of review proceeding that sets aside a parentage adjudication, but does not make a new parentage adjudication, is an appealable judgment. We conclude that it is not.

Kelly Jo Wood married Terry Kiefer in 1995. The next year, while married to Kiefer, Wood began an affair with Ioannis John Touris. In 1998, Wood became pregnant with Touris's child, and A.K.[1] was born later that year.[2] Wood and Kiefer divorced in 2000. The divorce decree adjudicated Wood and Kiefer parents of A.K., naming them joint managing conservators. Kiefer was ordered to pay child support in the amount of $1,500 per month. Wood did not notify Touris of her divorce or of the parentage adjudication in the decree.

---

1. The parties refer to the child as A.K. and A.T. We refer to the child as A.K. as a matter of convenience and not as a judgment on the merits of the child's parentage.

2. Wood alleges she was sure the baby was Kiefer's when she became pregnant.

While still not disclosing her divorce or Kiefer's custody and support obligations, Wood sent Touris a proposed "separation agreement" to formally acknowledge their relationship and that A.K. was born of that relationship. The agreement further provided for Wood and Touris to be A.K.'s joint managing conservators, for Touris to pay child support of $800 per month for the first few years and then $1,600 per month starting in 2006, and for Touris to receive the dependency deduction for A.K. on his income tax return. Without signing the agreement, Touris began paying Wood child support for A.K.

In 2001, Wood and Touris filed an acknowledgment of paternity with the Bureau of Vital Statistics, naming Touris as A.K.'s father. Wood also caused A.K.'s birth certificate to be changed to reflect Touris as A.K.'s father. Touris then obtained a passport for A.K. with Touris as the child's last name.

In 2002, Touris filed a petition for voluntary paternity, asking to be formally adjudicated the father of A.K. DNA testing established to a 99.9% certainty that Touris is A.K.'s biological father.

After discovering Wood's divorce decree declaring Kiefer and Wood to be A.K.'s parents, Touris filed a bill of review to set aside the decree's parentage adjudication to clear the way for his voluntary paternity petition.[3] An attorney ad litem, who was appointed to represent A.K.'s interests, intervened in the bill of review proceeding to also seek a new trial on parentage. The trial court granted the bill of review by summary judgment, setting aside the parentage adjudication in the divorce decree, but the court did not enter a new adjudication of A.K.'s parentage. Wood and Kiefer appealed.

▮▮▮ Although the court of appeals affirmed the trial court's summary judgment, it lacked jurisdiction to review the case. "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Tesoro Petroleum v. Smith,* 796 S.W.2d 705, 705 (Tex.1990) (per curiam); *see also Tex. Employers' Ins. Ass'n v. Arnold,* 126 Tex. 466, 88 S.W.2d 473, 474 (1935) ("When [a bill of review] at a subsequent term is brought before the proper court, it is not contemplated that the cause shall be divided and tried by piecemeal; one in which a judgment is rendered setting aside the former judgment and the other in a trial on the merits, but every issue arising on the merits must be disposed of, and the relief prayed for is either denied or granted in the one proceeding."). In this bill of review, although the trial court set aside the parentage adjudication previously made in the Wood/Kiefer divorce decree—and by implication Kiefer's custody and support obligations—it did not at the same time enter a new parentage adjudication with its attendant custody and support orders. With these issues left undecided, the summary judgment order was not final and appealable, and the court of appeals was without jurisdiction to reach the merits of the appeal.

Accordingly, without hearing oral argument, we grant the petitions for review,

---

**3.** Touris filed his voluntary paternity petition in a different court than the divorce decree and his accompanying bill of review. However, the district court that issued the divorce decree had exclusive, continuing jurisdiction of any suit affecting the parent-child relationship involving A.K. Tex. Fam. Code § 155.001; *see Curtis v. Gibbs,* 511 S.W.2d 263, 266–67 (Tex.1974). Therefore, it appears that the district court that issued the divorce decree has jurisdiction over the parentage issue.

reverse the judgment of the court of appeals, and dismiss the appeal for lack of jurisdiction.