Opinion issued May 8, 2009











In The
Court of Appeals
For The
First District of Texas
______________

NO. 01-08-00381-CV
____________

RAPID SETTLEMENTS, LTD., Appellant

V.

ALLSTATE LIFE INSURANCE COMPANY, Appellee




On Appeal from County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 884,136




MEMORANDUM OPINION
          Appellant, Rapid Settlements, Ltd. (“Rapid”), appeals from an order granting
the bill of review of appellee, Allstate Life Insurance Company (“Allstate”). We
dismiss the appeal for want of jurisdiction.
Background
          In the underlying case, on April 7, 2006, Rapid filed a petition to confirm an
agreed arbitration award that had been entered into between Rapid and Percy Griffin
and Betty Griffin (“the Griffins”) earlier that month. The petition did not name
Allstate as a defendant, and by later petition for bill of review, Allstate contended that
it was a necessary party and that it had not been served with citation in the
confirmation proceeding. On April 24, 2006, the trial court signed an agreed order
confirming the arbitration award between the Griffins and Rapid. Again in its
petition for bill of review, Allstate contended that Rapid first notified it of the
confirmation proceeding only after final judgment.
          In January 2007, after Rapid had moved to enforce the judgment, Allstate filed
a petition for bill of review in the trial court. The sole basis for the petition was that
Allstate had not been served with citation and had not received notice of any hearing
that may have been held on Rapid’s petition for confirmation. Allstate requested that
the trial court “vacate the judgment, reopen the Underlying Action [the confirmation
proceeding], and render judgment . . . that the Arbitration Award is invalid and not
binding upon [Allstate].” 
          In March 2007, Allstate filed a motion for summary judgment in the bill-of-review proceeding, arguing three things: (1) that “[t]he final judgment [in the
confirmation proceeding] is void and unenforceable as to Allstate because Allstate,
as a necessary and indispensable party, was not named or served in the confirmation
proceedings” (Allstate asked that the judgment be set aside for that reason); (2)
alternatively, that the trial court lacked subject-matter jurisdiction to render judgment
in the confirmation proceeding because the amount in controversy exceeded the
court’s jurisdictional limits; and (3) apparently still alternatively, that Rapid’s attempt
to enforce the agreement underlying the arbitration, and to enforce the arbitration
award itself, violated state law. It appears that the only summary-judgment ground
relevant to Allstate’s bill of review was the first; the second and third grounds appear
to have been arguments—relevant to the merits of the arbitration award or to the
court’s jurisdiction to entertain a petition to confirm such an award—that depended
for their success on the granting of the bill-of-review petition and the vacating of the
prior final judgment. The appellate record contains no ruling on Allstate’s summary-judgment motion.
          The trial court held a hearing on Allstate’s bill-of-review petition and on a
motion, filed by Rapid, that appears to have been requesting reconsideration of a
ruling relevant to the enforcement of the confirmation judgment.


 The court took the
bill-of-review matter under advisement at that time. 
          On March 28, 2008, the trial court rendered its written ruling. The ruling was
entitled “Order” and recited:
On this day came on to be heard [Allstate’s] Original Petition for
Bill of Review . . . and after hearing arguments of counsel, evidence
presented thereon, and due consideration, this court is of the opinion that
this Bill of Review is in all things good and should be and is
GRANTED. It is, therefore,
 
ORDERED, ADJUDGED AND DECREED that the record in the
underlying suit . . . reflects that [Allstate] was not named as a party and
did not receive proper service of process of the Original Petition for
Confirmation of the Arbitration Award. Because the record establishes
that service was not strictly complied with, Allstate is entitled to its Bill
of Review without further showing, and the Final Judgment [of
confirmation] in the underlying suit which purports to bind Allstate
should be vacated. It is further
 
ORDERED, ADJUDGED AND DECREED that the Final
Judgment [in the underlying cause] is vacated. It is further
 
ORDERED, ADJUDGED AND DECREED that this order does
not preclude [Rapid] from initiating a cause of action against [the
Griffins] for unjust enrichment in the event that Rapid has paid funds to
the Griffins in connection with the transaction which is the subject of
this litigation.

(Citations omitted.) Rapid has appealed from this order.
Appellate Jurisdiction
          The general rule is that an appeal may be taken only from a final judgment. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Interlocutory orders
may nonetheless be appealed if allowed by statute. Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 352 (Tex. 2001). “‘A bill of review which sets aside a prior
judgment but does not dispose of all the issues of the case on the merits is
interlocutory in nature . . . .’” Kiefer v. Touris, 197 S.W.3d 300, 302 (Tex. 2006)
(quoting Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 1990)). Generally
speaking, therefore, orders granting a bill of review are “‘not a final judgment
appealable to the court of appeals . . . .’” Id. (quoting Tesoro Petroleum, 796 S.W.2d
at 705); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (not
listing, among interlocutory orders subject to appeal, orders granting bills of review).
          Nonetheless, the underlying case was one for the confirmation of an arbitration
award. The Texas General Arbitration Act makes appealable certain orders, including
one “vacating an [arbitration] award without directing a rehearing.” Tex. Civ. Prac.
& Rem. Code Ann. § 171.098(a)(5) (Vernon 2005). In its order granting the bill of
review, the trial court did vacate the underlying final judgment. However, section
171.098(a)(5) concerns the vacating of an arbitration award, not of a judgment
confirming that arbitration award, as happened here.


 Accordingly, the order is not
appealable under section 171.098(a)(5).
          Here, when it granted the bill of review, the trial court vacated the underlying
judgment in Rapid’s confirmation proceeding, but did not rule on the petition for
confirmation itself; the order thus resurrected the underlying confirmation
proceeding, but did not finally adjudicate it. See Kiefer, 197 S.W.3d at 302 (holding
that order setting aside underlying adjudication of parentage upon bill of review was
interlocutory because court did not render new parentage adjudication). The order
itself does not reflect that it is intended to be a final judgment: it expressly recites that
the court is granting the bill of review, the order vacates the final judgment but not
the arbitration award, the order does not expressly rule on Rapid’s confirmation
petition, the order does not rule on Allstate’s summary-judgment motion, and the
order does not assess costs of court. In short, the order that Rapid appeals is
interlocutory, and no statute makes that order appealable.
Conclusion
          On March 11, 2009, we notified Rapid that we would dismiss its appeal unless,
within 30 days of the date of that order, it demonstrated that we had subject-matter
jurisdiction over this appeal. See Tex. R. App. P. 42.3(a). More than 30 days have
passed, and Rapid has not filed the ordered response. 
 
          Accordingly, we hold that we lack subject-matter jurisdiction over Rapid’s
appeal, and we dismiss the appeal for want of jurisdiction. 
          We overrule as moot all pending motions, including Rapid’s November 10,
2008 motion to abate the appeal.


                                                                                  Tim Taft
                                                                                  Justice

Panel consists of Justices Taft, Bland, and Sharp.