Dismissed and Memorandum Opinion filed August 27,
2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00394-CV

____________

 

RAPID SETTLEMENTS, LTD., Appellant

 

V.

 

ALLSTATE SETTLEMENT CORPORATION,
ALLSTATE LIFE INSURANCE COMPANY, and ANDINO WARD, Appellees

 



 

On Appeal from the County Civil
Court at Law No. 4

Harris County, Texas

Trial Court Cause No.
884872

 



 

M E M O R
A N D U M  O P I N I O N








This is an attempted appeal from an order vacating a judgment
that confirmed an arbitration award.  In the underlying case, appellant Rapid
and appellee Ward participated in an arbitration proceeding resulting in an
award in favor of Rapid.  Rapid filed a petition to confirm the arbitration
award, which the trial court granted.  On June 9, 2005, the trial court entered
a judgment confirming the arbitration award in trial court cause number 839254. 
Appellees Allstate Settlement Corporation and Allstate Life Insurance Company
(jointly referred to as Allstate) were not parties to the arbitration
agreement.  After learning of the judgment confirming the arbitration award,
Allstate filed a bill of review contending that it was a necessary party, had
not been served with citation, and received no notice of the arbitration
proceedings.  Allstate asked the court to vacate the judgment.  On March 28,
2008, the trial court granted the bill of review and ordered the final judgment
in cause number 839254 vacated.  Rapid then brought this appeal.

A bill of review that sets aside a prior judgment but does
not dispose of all the issues in the case on the merits is interlocutory.  Kiefer
v. Touris, 197 S.W.3d 300, 302 (Tex. 2006).  Generally, appeals may be
taken only from final judgments.  Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  Interlocutory orders may be appealed only if
permitted by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d
352, 352 (Tex. 2001); Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992) (orig. proceeding).  

The Texas General Arbitration Act makes certain orders
appealable, including an order Avacating an [arbitration] award without directing a
rehearing.@  Tex. Civ. Prac. & Rem. Code Ann. ' 171.098(a)(5) (Vernon 2005).  In the
underlying case, the trial court confirmed the arbitration award.  In the bill
of review proceeding, the arbitration award was  vacated, but the court=s ruling was not based on the
provisions in the Texas General Arbitration Act for vacating such an award.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 171.088 (Vernon 2005).  Therefore,
section 171.098 does not apply to provide for an interlocutory appeal under
these facts.  See Rapid Settlements, Ltd. v. Allstate Life Ins. Co., No.
01-08-00381-CV, 2009 WL 1331580 (Tex. App.CHouston [1st Dist.] May 8, 2009, no.
pet.) (mem. op.) (dismissing appeal from bill of review vacating arbitration
award as interlocutory).








As in the similar case before our sister court of appeals,
when the trial court granted Allstate=s bill of review, it vacated the
underlying judgment in Rapid=s confirmation proceeding but did not rule on the petition
for confirmation itself.  The arbitration award is undisturbed.  The order does
not reflect that it is intended to be a final judgment.  See Lehmann, 39
S.W.3d at 205 (holding that an order entered in a proceeding other than a trial
on the merits may be considered final if it clearly and unequivocally states
that the trial court intended the order to completely dispose of the entire
case).  The order appealed in this case is interlocutory and no statute makes
it appealable.  See Rapid Settlements, No. 01-08-00381-CV, 2009 WL
1331580 at *3.

On August 4, 2009, notification was transmitted to the
parties of this court=s intention to dismiss the appeal for want of jurisdiction
unless appellant filed a response demonstrating grounds for continuing the
appeal on or before August 17, 2009.  See Tex. R. App. P. 42.3(a).  No
response was filed.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.