



## MEMORANDUM OPINION

No. 04-10-00436-CV

**IN RE** Jonathan **ZAVALA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed: August 31, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On June 8, 2010, relator Jonathan Zavala filed a petition for writ of mandamus, seeking to compel the trial court to vacate its January 21, 2010 order granting a new trial. We conditionally grant mandamus relief.

### BACKGROUND

The underlying suit is a divorce proceeding, including a suit affecting the parent-child relationship, between relator Jonathan Zavala and real party in interest Natalie Zavala. On April 3, 2009, Jonathan filed an Original Petition for Divorce, and on September 25, 2009 the trial court

---

[1] This proceeding arises out of Cause No. 2009-CI-05638, *In the Matter of the Marriage of Jonathan Zavala and Natalie Zavala*, in the 73rd Judicial District Court, Bexar County, Texas, the Honorable Renée F. McElhaney presiding. However, the order complained of was signed by the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas.

entered a post-answer default judgment against Natalie. On October 20, 2009, Natalie filed a motion for new trial, which was orally granted by Judge Antonia Arteaga at a hearing on December 22, 2009. However, Judge Arteaga did not sign the order granting the motion for new trial until January 21, 2010. Relator contends the trial court's order granting the motion for new trial is void because the trial court lacked jurisdiction.

## ANALYSIS

Generally, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). When an order granting a new trial is void because it was granted after the trial court's plenary power expired, mandamus relief is available because there is no adequate remedy by appeal. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). Therefore, mandamus relief is available to review the order granting a new trial that Jonathan contends is void.

A timely filed motion for new trial is overruled by operation of law if the trial court does not sign a written order within seventy-five days after the date the judgment is signed. TEX. R. CIV. P. 329b(c). However, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the motion for new trial is overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e). "A trial judge's oral pronouncement granting a motion for new trial or motion to modify, reform, or correct a judgment and a docket entry indicating that such motion was granted cannot substitute for a written order required by Rule 329b." *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993); *see also In re Lovito-Nelson*, 278 S.W.3d 773, 775 (Tex. 2009).

Here, since no written order was signed by the trial court within seventy-five days of the judgment, the motion for new trial was overruled by operation of law on December 9, 2009. *See* TEX. R. CIV. P. 329b(c). The trial court's December 22, 2009 oral pronouncement granting the motion for new trial that had already been overruled by operation of law was made within the trial court's plenary power. *See* TEX. R. CIV. P. 329b(e). However, because the trial court did not sign the order until January 21, 2010, which was one hundred and eighteen days from the date of the judgment, it was outside the trial court's plenary power. Therefore, the trial court lacked jurisdiction when it signed the order granting the motion for new trial and the order is void.

In response to the petition for writ of mandamus, Natalie first asserts the Final Decree of Divorce is interlocutory and not final because it failed to dispose of all of the claims and parties to the suit. *See Kiefer v. Touris*, 197 S.W.3d 300, 300 (Tex. 2006); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). As a result, Natalie contends that because the divorce decree was not final, the trial court retained plenary power to grant the new trial on January 21, 2010. We disagree. Natalie contends the decree is interlocutory because it does not dispose of the issue of custody because it provides that both Jonathan and Natalie have the exclusive right to designate the primary residence of the child without regard to geographic location. However, the remainder of the divorce decree clearly specifies the terms of possession. Therefore, we conclude Natalie has not established the order is interlocutory because it failed to dispose of all pending parties and claims.

Furthermore, Natalie responds that the petition should be denied because the trial court did not have jurisdiction over any issues affecting the custody of the minor child N.Z. because Ohio had continuing jurisdiction over N.Z. While we acknowledge Natalie's argument that Ohio had

continuing jurisdiction, the issue has not been properly presented to this court. *See Geary v. Peavy*, 878 S.W.2d 602, 603-05 (Tex. 1994).

## CONCLUSION

We conclude the trial court abused its discretion in granting the motion for new trial because the order was signed after the trial court lost plenary power. Accordingly, we conditionally grant the writ of mandamus. The trial court is ordered to vacate its January 21, 2010 order granting the new trial. The writ will issue only if the trial court fails to comply within fourteen days.

PER CURIAM