COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE ALEJANDRO FLORES, | § | |
| | | No. 08-10-00207-CV |
| Appellant, | § | |
| | | Appeal from |
| v. | § | |
| | | County Court at Law No. 1 |
| MARIA EUGENIA FLORES, | § | |
| | | of Webb County, Texas |
| Appellee. | § | |
| | | (TC# 2009-CVQ-001954-C1) |
| | § | |

**O P I N I O N**

Jose Alejandro Flores ("Jose") appeals from the trial court's order granting a petition for bill of review filed by Maria Eugenia Flores ("Maria"). We dismiss for lack of jurisdiction.

**BACKGROUND**

On June 12, 2007, in Webb County, Maria filed a petition for divorce from her husband, Jose.[1] Jose timely filed an answer and a counter-petition for divorce. On October 27, 2008, the trial court rendered a default judgment of divorce, dissolving the marriage in question.

On December 9, 2009, Maria filed a petition for bill of review, asking the trial court to set aside the default judgment. Maria later filed an amended petition for bill of review. In her amended petition, Maria explained how she could prove the elements required for a bill of review: (1) a meritorious defense to the cause of action supporting the judgment; (2) an excuse justifying the failure to make that defense, which excuse is based on the fraud, accident, or wrongful act of the opposing party; and (3) an excuse unmixed with the fault or negligence of the petitioner. *See Beck*

[1] The Texas Supreme Court transferred this case from the Fourth Court of Appeals to this Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

*v. Beck*, 771 S.W.2d 141, 141 (Tex. 1989).

On March 3, 2010, the trial court issued an order granting Maria's amended petition for bill of review and setting aside the default judgment of divorce. Jose timely filed a motion for new trial, which the trial court denied. He later filed a notice of appeal.

Before this Court, Jose concedes that the trial court's order granting Maria's petition for bill of review was interlocutory and unappealable, but he asks that his appeal "be treated as a petition for writ of mandamus." He argues further that, in the trial court, Maria in fact "failed to plead and prove that she met the standards entitling her to a bill of review."

## DISCUSSION

The trial court's order set aside the prior judgment of divorce and did not dispose of all the issues in the case on the merits. The trial court's order was therefore interlocutory and unappealable. *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995). Consequently, we must dismiss Jose's appeal for lack of jurisdiction. *Id*. As for treating Jose's appeal as a petition for writ of mandamus, we decline to do so. We have no authority to issue a writ of mandamus against a county court judge outside our court of appeals district, even assuming that Jose can show the prerequisites for mandamus relief. TEX. GOV'T CODE ANN. § 22.221(b)(1) (West 2004).[2]

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.

GUADALUPE RIVERA, Justice

November 9, 2011

Before McClure, C.J., Rivera, J., and Chew, C.J., (Senior)
Chew, C.J., (Senior), not participating

---

[2] *See* footnote 1.

2