

NUMBER 13-11-00756-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LINUS F. DIAS,                                              Appellant,

v.

RITIKA DIAS,                                                Appellee.

On Appeal from the 28th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion Per Curiam**

Appellant, Linus F. Dias, attempts to appeal an order signed on August 30, 2011, granting a bill of review and setting aside a divorce decree, and an order signed on October 11, 2011, containing findings of fact and conclusions of law.  We dismiss this appeal for want of jurisdiction.

Appellant and appellee, Ritika Dias, were originally divorced by decree signed on

November 20, 2009. Appellee thereafter filed a bill of review. On August 30, 2011, the trial court granted the bill of review and set aside the decree. On October 11, 2011, the trial court entered findings of fact and conclusions of law.

This appeal ensued. On December 12, 2011, the Clerk of this Court notified appellant that it appeared that there was no final, appealable judgment before the Court. The Clerk warned appellant that the appeal would be dismissed for want of jurisdiction if the defect were not cured within ten days. *See* TEX. R. APP. P. 42.3.

On December 22, 2011, appellant filed "Appellant's Response and Motion for Stay of the Proceedings and Request the Court Abate Dismissing Appeal until the Trial Court Has Conducted the Hearing on the Divorce Matter and Entered a Judgment and Appellant's Application for Relief under the Servicemember's Civil Relief Act. . . ." Appellant requests that we retain this appeal on our docket, but abate the appeal pending entry of a final judgment in the divorce proceeding and pending appellant's discharge from the United States Navy.

An order granting a bill of review which sets aside a prior judgment, but which does not dispose of all the issues of the case on the merits, is interlocutory in nature and is not a final judgment appealable to the court of appeals or to the Texas Supreme Court. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam); *see also Tex. Employers' Ins. Ass'n v. Arnold*, 88 S.W.2d 473, 474 (Tex. 1935). In this case, the original divorce decree was entered on November 20, 2009. Although the trial court set aside that decree, and subsequently entered findings of fact and conclusions of law, it did not at the same time enter a new decree of divorce. At present, there are substantial and material issues pertaining to the

2

divorce left undecided. Thus, the order granting the bill of review and the order entering findings of fact and conclusions of law were not final and appealable, and we lack jurisdiction to reach the merits of the appeal. *See Kiefer*, 197 S.W.3d at 302.

Appellant requests that this Court abate the appeal so that the trial court will conduct a hearing and enter a final decree of divorce between the parties. According to appellant, the trial court has refused to proceed with the hearing on the divorce because of this pending appeal. Appellant asserts that it would be "improper" and "judicially inefficient" for this Court to dismiss the appeal because of the trial court's "refusal" to conduct a final hearing. Appellant thus requests that we abate this appeal so that he can pursue the appeal at some future date, after a hearing is held, and the trial court enters a new divorce decree. Appellant appears to contend that the instant appeal is premature under Texas Rule of Appellate Procedure 27.1, and should therefore not be dismissed. *See generally* TEX. R. APP. P. 27.1(a).

Under Rule 27.1(a), a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal. *See id.* However, "there is nothing in Rule 27.1 or the remainder of the Rules of Appellate Procedure that indicate, and the clear implication is to the contrary, that a notice of appeal can be filed in anticipation of an appeal that may be somewhere in the indefinite future." *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied); *see also McIntyre v. Lexis Nexis*, No. 05-11-00809-CV, 2011 Tex. App. LEXIS 8402, at **2–3 (Tex. App.—Dallas Oct. 21, 2011, no pet.) (mem. op. per curiam) (dismissing an appeal for want of jurisdiction where the record lacked a signed judgment or order and "nothing before us indicates an order is imminent"); *In re Corder*, No.

3

01-09-00386-CV, 2009 Tex. App. LEXIS 4190, at *5 (Tex. App.—Houston [1st Dist.] June 5, 2009, orig. proceeding) (mem. op.) (stating that "there is nothing in the Rules of Appellate Procedure providing that a jurisdiction invoking document can be filed in anticipation of an appellate proceeding that may be sometime in the indefinite future"). In rejecting the concept that Rule 27.1 could allow a notice of appeal to be used as "an appellate place holder until there is a final appealable judgment," the Waco court of appeals concluded that myriad problems prevented such an approach:

> There are too many uncertainties for us to validate this procedure. How would we regulate, start, or monitor the appellate time table? How would we even know when or if a final appealable judgment were rendered? What would be the effect of the rendition of an appealable interlocutory order? What happens if an error free judgment is rendered or if no one wants to appeal the final judgment? Given the pressure of the legislatively imposed performance measures for the timely disposition of appeals, how long would we hold such an appeal on our docket before disposing of it?

*Ganesan*, 236 S.W.3d at 817. We likewise conclude that Texas Rule of Appellate Procedure 27.1 does not require this Court to docket and hold an appeal open until there is an appealable judgment or order at some future date. *See id.; see also McIntyre*, 2011 Tex. App. LEXIS 8402, at **2–3; *In re Corder*, 2009 Tex. App. LEXIS 4190, at *5.

Finally, we note that appellant asserts that he is a "Petty Officer Third Class on active duty in the United States Navy stationed in the State of Hawaii and is entitled to a temporary suspension of judicial and administrative proceeding[s] that may adversely affect [his] civil rights during his military service." Appellant thus asks for a stay of these appellate proceedings.

The Servicemembers Civil Relief Act provides "for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the

4

civil rights of service-members during their military service." *See* 50 U.S.C.A. Apx. § 502(2) (West Supp. 2010). When, as in this case, a servicemember has received notice of a civil proceeding, the court "may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . . ." *Id.* § 522(b)(1) (West Supp. 2010). The stay shall be imposed only where certain specified statutory conditions have been met. *See id.* § 522(b)(2).

Given our conclusion that we lack jurisdiction over this appeal, we similarly conclude that we lack jurisdiction over appellant's request for a stay under the Servicemembers Civil Relief Act. Our determination in this regard is not a decision on the merits of appellant's request, and thus should not be construed so as to preclude appellant from seeking relief from the trial court under the Servicemembers Civil Relief Act.

The Court, having considered the documents on file, is of the opinion that there is no appealable judgment or order in this proceeding and the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3 (a); 44.3. Accordingly, the appeal is dismissed. All relief sought in "Appellant's Response and Motion for Stay of the Proceedings and Request the Court Abate Dismissing Appeal Until the Trial Court Has Conducted the Hearing on the Divorce Matter and Entered a Judgment and Appellant's Application for Relief Under the Servicemember's Civil Relief Act. . . " is likewise dismissed for want of jurisdiction.

PER CURIAM

Delivered and filed the
19th day of January, 2012.

5