02-12-090-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00090-CV

 

 


 
 
 Nikki Norvell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Bryan Bruton and The Office of the Attorney General
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 360th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Nikki Norvell attempts to appeal from the trial court’s February 7, 2012
order granting bill of review in favor of Bryan Bruton.  In a letter dated April 20,
2012, we notified Appellant of our concern that we might not have jurisdiction
over this appeal because the order she was attempting to appeal from did not
appear to be a final judgment or appealable interlocutory order.  We stated
that unless Appellant or any party desiring to continue the appeal filed a
response showing grounds for continuing the appeal on or before April 30,
2012, the appeal could be dismissed for want of jurisdiction.  See Tex. R.
App. P. 42.3(a), 44.3.  Appellant filed a response in which she agreed that
this court does not have jurisdiction.

The
general rule, with a few exceptions, is that an appeal may be taken only from a
final judgment.  Lehmann v. Har–Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).
 An order granting a bill of review that sets aside a prior judgment without
also disposing of all issues in the case on the merits is interlocutory in
nature and is not a final judgment appealable to the court of appeals or to the
Texas Supreme Court.  Kiefer v. Touris, 197 S.W.3d 300, 302 (Tex. 2006);
Tesoro Petroleum v. Smith, 796 S.W.2d 705, 705 (Tex. 1990).  Because the
trial court’s February 7, 2012 order does not dispose of all issues and
parties in the case, it is not an appealable interlocutory order.  Kiefer,
197 S.W.3d at 302; Tesoro, 796 S.W.2d at 705.  We therefore dismiss this
appeal for lack of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DELIVERED:  May 24, 2012









[1]See Tex. R. App. P. 47.4.