

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00010-CV

SOFIA MARIA PONCE, INDIVIDUALLY AND AS REPRESENTATIVE
OF THE ESTATE OF SALVADOR AGUINAGA, SR., DECEASED, Appellant

V.

HENK POST, INDIVIDUALLY, AND HERO FARMS, INC., Appellees

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 23,797-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Appellant, Sofia Maria Ponce, individually and as representative of the estate of Salvador Aguinaga, Sr., deceased, has filed a motion raising a jurisdictional question about her pending appeal. The underlying case involves a claim of wrongful death brought on behalf of Aguinaga. Judgment was taken against an individual, Henk Post, and the now-defunct corporation, Hero Farms, Inc.[1] Post received service, answered, and informed the trial court that he would be out of the country for a set time.

Notwithstanding Post's filings, the trial court, after a hearing, entered judgment on November 8, 2010, awarding Ponce $1,500,000.00 in damages and pronouncing Post and Hero Farms jointly and severally liable for those damages. Ponce had filed a motion for partial summary judgment seeking a ruling solely on the issue of Post's liability to Ponce. The trial court granted that motion as part of its November 8 judgment. Judgment was entered against Hero Farms on the premise that it defaulted.

Post filed a petition for bill of review September 22, 2011, seeking to set aside the default judgment and partial summary judgment. A bench trial was conducted. At trial, Ponce stipulated that Post had a meritorious defense, that the default judgment against Hero Farms, Inc., was invalid because Post had answered on behalf of himself and the named corporation, and that the damage award against Post, individually, was improper because the motion only provided that the November 8, 2010, hearing was for a partial summary judgment on liability.

---

[1]That corporate entity has not existed for over a decade.

The trial court found that Post did not receive notice of the trial, that he did not receive notice of the entry of judgment, that he was prevented from participating in the trial and pursuing an appeal because the trial court clerk did not provide him with notice of the setting or entry of the judgment, and that these failures were no fault of his own.

Ponce now asks us to determine whether the judgment on the bill of review is final and appealable. Post has responded, taking the position that the judgment is not appealable. The parties' concern is based on cases holding that a bill of review which sets aside a prior judgment, but does not dispose of all the issues of the case on the merits, is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam).

The judgment in this case is of precisely the same nature as the one addressed in *Tesoro*. It grants the bill of review and orders a new trial to be held. The judgment, therefore, does not dispose of all issues in the case, is interlocutory in nature, and is not a final, appealable judgment. *See Tesoro Petroleum*, 796 S.W.2d at 705.

Consequently, we dismiss the appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     April 3, 2014
Date Decided:       April 4, 2014

3