

# NUMBER 13-19-00439-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EVERARDO VERA,                                                    Appellant,

v.

CORINA VERA,                                                      Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Everardo Vera attempted to perfect an appeal from an order on a petition for a bill of review rendered in trial court cause number 2019-DCL-3007 in the 357th District Court of Cameron County, Texas. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final, appealable order. The Clerk of this Court notified appellant of this defect so that steps

could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. The Clerk advised appellant that the appeal would be dismissed for want of jurisdiction if the defect was not corrected within ten days from the date of receipt of this notice. Appellant failed to respond to the Court's notice.

Generally, appellate courts have jurisdiction only over appeals from final judgments. *See City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Further, appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *see City of Watauga*, 434 S.W.3d at 588.

A bill of review which sets aside a prior judgment but does not dispose of the case on the merits is interlocutory in nature and is not a final appealable judgment. *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam); *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam); *Jordan v. Jordan*, 907 S.W.2d 471, 472 (Tex. 1995) (per curiam); *Flores v. Flores*, 353 S.W.3d 302, 303 (Tex. App.—El Paso 2011, no pet.); *see also State v. Thirty-Nine Thousand Five Hundred Dollars US Currency ($39,500.00)*, No. 07-19-00195-CV, 2019 WL 3404061, at *1 (Tex. App.—Amarillo July 26, 2019, no pet.) (mem. op.).

Here, the order granting the bill of review fails to dispose of the case on the merits insofar as it grants the bill of review regarding the division of property in the underlying divorce proceedings. In fact, by subsequent order, the trial court rejected appellant's request for findings of fact and conclusions of law because "the underlying case for

2

undivided community property has not been tried and no final judgment has been issued." Accordingly, the order granting the bill of review is interlocutory and is not subject to appeal at the present time. *See Kiefer*, 197 S.W.3d at 302; *Tesoro Petroleum*, 796 S.W.2d at 705; *Jordan*, 907 S.W.2d at 472. Therefore, the Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. We DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c). Pending motions, if any, are likewise dismissed.

DORI CONTRERAS
Chief Justice

Delivered and filed the
24th day of October, 2019.

3