# IN THE SUPREME COURT OF TEXAS

No. 19-0673

HOUSECANARY, INC. F/K/A CANARY ANALYTICS, INC., PETITIONER,

v.

TITLE SOURCE, INC., REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, AND HOUSTON FORWARD TIMES, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

CHIEF JUSTICE HECHT, joined by JUSTICE BLAND, concurring in the judgment.

HouseCanary sued Title Source for misappropriating its trade secrets—algorithms, software, and data. The dispute was just between the two of them. After a seven-week jury trial, HouseCanary won. The trial court rendered judgment on the verdict, awarding HouseCanary over $700 million in actual and punitive damages. But HouseCanary's battle is just beginning. This Court now holds that to continue protecting the trade secrets that the jury found were wrongfully taken from it, HouseCanary must fight the whole world. As the Court sees it, while Title Source may have no right to HouseCanary's trade secrets, Title Source's wrongdoing might have given the public a right to those secrets. This outcome is contrary to both the Texas Uniform Trade Secrets Act ("the Act")[1] and common sense.

---

[1] TEX. CIV. PRAC. & REM. CODE §§ 134A.001–.008.

In a case under the Act, "a court shall preserve the secrecy of an alleged trade secret by reasonable means."[2] "'Shall' imposes a duty."[3] The Act also creates "a presumption in favor of granting protective orders to preserve the secrecy of trade secrets."[4] By contrast, Rule 76a of the Texas Rules of Civil Procedure ("the Rule"), which governs sealing court records generally, only allows sealing in very limited circumstances.[5] And the Rule creates the opposite presumption of the Act: under the Rule, "court records . . . are presumed to be open to the general public".[6] The 2013 Act trumps the 1990 Rule "[t]o the extent that [the two] conflict[]".[7] The Court holds that the Rule's procedural hurdles to sealing court records do not conflict with the Act but simply provide a "pathway for sealing" that the Act does not offer. As a result, the only "reasonable means" under the Act for preserving the secrecy of an alleged trade secret is to comply with the procedures in the Rule that the Act preempts.

The Rule's procedures apply to a party trying to seal documents despite a presumption of openness. A party trying to seal trade secrets under the Act is not fighting that presumption but rather is supported by an opposite presumption that places the burden on a party opposing

---

[2] TEX. CIV. PRAC. & REM. CODE § 134A.006(a).

[3] TEX. GOV'T CODE § 311.016 ("[U]nless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute[,] . . . '[s]hall' imposes a duty."); *see also City of Marshall v. City of Uncertain*, 206 S.W.3d 97, 105 (Tex. 2006).

[4] TEX. CIV. PRAC. & REM. CODE § 134A.006(a).

[5] TEX. R. CIV. P. 76a.

[6] TEX. R. CIV. P. 76a(1).

[7] TEX. CIV. PRAC. & REM. CODE § 134A.007(c) ("To the extent that this chapter conflicts with the Texas Rules of Civil Procedure, this chapter controls. Notwithstanding Section 22.004, Government Code, the supreme court may not amend or adopt rules in conflict with this chapter.").

protection.[8] The Act's presumption in favor of protection cannot be overcome by the failure of the party it benefits to follow inapplicable procedures for overcoming the Rule's opposite presumption. The Court states at one point that "[t]he Legislature has determined that an interest in protecting alleged trade secrets is presumptively sufficient, and this presumption controls",[9] but the Court then ignores its own pronouncement.

The Court offers no reason why the sealing order in this case was not a reasonable means under the Act for protecting the trade secrets at issue, other than that the movant failed to comply with the Rule's irrelevant procedures. There is none. That order should stand. More importantly, today's holding eviscerates the protection of trade secrets provided by both the language and the intent of the Act.

While I do not agree with the Court's opinion in the main, I agree that HouseCanary should have the opportunity on remand to reurge its arguments for sealing its records. Accordingly, I concur only in the judgment.

# I

After a seven-week trial, the jury in this case found that HouseCanary "own[ed] a trade secret" in certain information that "Title Source misappropriate[d]".[10] The parties had stipulated

---

[8] *See, e.g.*, *Gen. Motors Corp. v. Saenz*, 873 S.W.2d 353, 359 (Tex. 1993) ("[A presumption's] effect is to shift the burden of producing evidence to the party against whom it operates.").

[9] *Ante* at 12.

[10] While this interlocutory appeal has been pending in this Court, the court of appeals has ruled in the appeal from the final judgment, holding that while evidence supported the jury's finding that HouseCanary's proprietary information was a trade secret under the Act, the jury charge mixed valid and invalid theories of misappropriation and fraud. *Title Source, Inc. v. HouseCanary, Inc.*, 612 S.W.3d 517, 528–534 (Tex. App.—San Antonio 2020). The court of appeals reversed and remanded for a new trial. *Id.* at 537. Both parties' petitions for review are pending in this Court. *HouseCanary, Inc. v. Title Source, Inc.*, No. 20-0683 (Tex. filed Nov. 12, 2020).

to a Protective Order "to facilitate discovery," anticipating "that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." Citing both the Rule and the Act, the parties agreed that the Rule's procedures would apply "when a party seeks permission from the court to file material under seal." "Unless modified by the Court," the Protective Order was to "remain in effect through the conclusion of this litigation." But the parties agreed that "[n]othing in this Order abridges the right of any person to seek its modification by the court in the future."

After trial, HouseCanary moved under Rule 76a to seal 30 trial exhibits. Title Source opposed the motion, arguing that the exhibits had been freely used during the trial without any attempt to shield them from the public and should not be sealed after the trial was over. Though the exhibits had indeed been used at trial, there was no indication that anyone had accessed them other than the participants in the trial. After a hearing on the motion, the trial court denied it from the bench. Three days later, HouseCanary filed a "motion to reconsider whether to seal certain core materials"—eight of the prior 30 exhibits—based solely on the Act as a separate authority apart from Rule 76a. Title Source opposed this second motion for the same reasons—that the exhibits had been freely used at trial and there was no secrecy left to preserve. Title Source also argued that the motion was precluded by Rule 76a(7) because HouseCanary had not shown changed circumstances since the order denying the earlier motion.[11] The trial court granted the second motion and signed an order adding six exhibits to the eight listed in the motion.

---

[11] Tex. R. Civ. P. 76a(7) ("An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order.").

The court of appeals held that it had jurisdiction under Rule 76a(8)[12] over Title Source's appeal from the second order, rejecting HouseCanary's argument that that provision allowed appeals only from orders under the Rule and not orders based on the Act.[13] The court then reversed the sealing order, holding that the trial court abused its discretion by not applying Rule 76a's "standards and procedures" as agreed by the parties in their Protective Order.[14] Chief Justice Marion argued in a concurring opinion that the trial court satisfied its duty under the Act to take reasonable means to protect HouseCanary's trade secrets by signing the agreed Protective Order and that the court erred in ordering additional protection after the exhibits had been publicly disclosed in open court.[15]

## II

In 1989, the Legislature directed the Court to "adopt rules establishing guidelines for the courts of this state to use in determining whether in the interest of justice the records in a civil case, including settlements, should be sealed."[16] The next year, the Court adopted Rule 76a.

Rule 76a(1) states that court records "are presumed to be open to the general public" and sets strict, high, substantive standards for sealing.[17] The movant must show "a specific, serious and substantial interest which clearly outweighs . . . this presumption of openness [and] any

---

[12] TEX. R. CIV. P. 76a(8) ("Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.").

[13] 603 S.W.3d 829, 835–836 (Tex. App.—San Antonio 2019).

[14] *Id.* at 841.

[15] *Id.* at 842–843 (Marion, C.J., concurring).

[16] Act of May 26, 1989, 71st Leg., R.S., ch. 426, § 1, 1989 Tex. Gen. Laws 1573, 1573 (codified at TEX. GOV'T CODE § 22.010).

[17] TEX. R. CIV. P. 76a(1).

probable adverse effect that sealing will have upon the general public health or safety".[18] The movant must also show that "no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted."[19] In addition, Rule 76a imposes procedural requirements on the movant. The motion must be written and available to the public.[20] The movant must also post a public notice where county governments post notices of meetings that identifies the movant and case, contains a "brief but specific" description of the case and the records to be sealed, provides the time and place for a hearing, and states that "any person may intervene and be heard".[21] The notice must be filed with the clerk of the trial court as well as the clerk of the Supreme Court.[22] At the hearing on the motion, "[n]on-parties may intervene as a matter of right".[23] A motion can be granted only by a separate, written order that sets out "the specific reasons" for sealing, the specific portions of records to be sealed, and the order's duration.[24] The order "shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order."[25]

In more recent years, almost every jurisdiction in the country has enacted statutes

---

[18] *Id.*

[19] *Id.*

[20] TEX. R. CIV. P. 76a(3).

[21] *Id.*

[22] *Id.*

[23] TEX. R. CIV. P. 76a(4).

[24] TEX. R. CIV. P. 76a(6).

[25] TEX. R. CIV. P. 76a(7).

protecting the secrecy of trade secrets. Our Legislature passed the Act in 2013.[26] Opposite Rule 76a, it states that "[t]here is a presumption in favor of granting protective orders to preserve the secrecy of trade secrets."[27] The Act not only creates a presumption favoring sealing but also imposes a duty on the court: in a case under the Act, "a court shall preserve the secrecy of an alleged trade secret".[28] The duty to preserve the secrecy of trade secrets runs to both proven trade secrets and alleged trade secrets. Unlike Rule 76a's lengthy, detailed sealing standard, the Act's standard for sealing trade secrets is two words: "reasonable means".[29] Also unlike Rule 76a, the Act prescribes no procedures for presenting motions to seal. The Act provides that "[t]o the extent that [it] conflicts with the Texas Rules of Civil Procedure, [the Act] controls."[30] The Act was amended in 2017 to broaden the definitions of trade secrets and misappropriation.[31]

In sum, Rule 76a is of a different era, applies to court records generally, presumes openness, requires strict proof to overcome that presumption, and imposes detailed, difficult procedures on a movant seeking sealing. The Act, on the other hand, is recent, applies to trade secrets even if only alleged, presumes secrecy, and imposes no procedures for sealing.

---

[26] Act of April 23, 2013, 83d Leg., R.S., ch. 10, § 1, 2013 Tex. Gen. Laws 12 (codified at TEX. CIV. PRAC. & REM. CODE §§ 134A.001–.008).

[27] TEX. CIV. PRAC. & REM. CODE § 134A.006(a).

[28] *Id.*

[29] *Id.*

[30] *Id.* § 134A.007(c).

[31] Act of May 8, 2017, 85th Leg., R.S., ch. 37, §§ 1–5, 2017 Tex. Gen. Laws 92.

**III**

The Act's only standard for preserving the secrecy of alleged trade secrets is that the court must use "reasonable means".[32] By importing the Rule's elaborate procedures into the Act, the Court holds that the only reasonable means are those prescribed by the Rule. The Act specifically refers to sealing. But the Court imposes the Rule's prohibition on sealing unless "no less restrictive means . . . will adequately and effectively protect the specific interest asserted."[33] This prohibition is a direct restriction on the Act's "reasonable means" standard. The Act's silence on procedural requirements allows the trial court latitude in determining what ways of proceeding are reasonable under the circumstances.[34] The Court also applies to the Act the Rule's prohibition on reconsideration of a ruling on a motion to seal absent changed circumstances.[35] Again, the effect is to determine that reconsideration can never be reasonable under the Act.

Rule 76a's procedures require a party seeking to seal records to prove a substantial need to protect the information from public disclosure, to inform the public of this need, and to demonstrate that the need to maintain secrecy overcomes any public objection. The Act dispenses with these requirements by presuming that alleged trade secrets should be protected. Rule 76a's procedures for obtaining sealing against a presumption of openness cannot apply to a party seeking to seal of documents already presumed secret under the Act. The Act imposes no procedural burden

---

[32] TEX. CIV. PRAC. & REM. CODE § 134A.006(a).

[33] TEX. R. CIV. P. 76a(1)(b).

[34] As the Court notes, when the Legislature prohibits rulemaking in conflict with a statutory provision, it sometimes provides procedures in the statue itself. *Ante* at 10. More times it does not. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE §§ 30.010, 30.013, 30.018, 52.005; TEX. FIN. CODE § 276.002. The omission of procedures in the Act cannot be stretched into an implication that the Legislature intended the Rule's procedures to apply.

[35] TEX. R. CIV. P. 76a(7).

on a party seeking to protect its trade secrets, but rather a duty on the court to preserve secrecy by reasonable means. That duty applies from the outset, when a trade secret is alleged, so there is no need for procedure.

The Court argues that without the Rule's procedures, the Act's presumption favoring protective orders would be turned into "a conclusive command."[36] But relieving a party from having to file a motion to seal trade secrets with the clerk of this Court or post a public notice in a particular spot hardly turns sealing into a conclusive command. Nor does limiting the members of the public who can intervene of right in the proceeding or requiring super-specificity in an order. Rather, the Court's imposition of the Rule's procedures is the conclusive command that no other means of sealing trade secrets can be reasonable.

The Act's "reasonable means" standard certainly does not suggest that a court can close a hearing on a motion to seal trade secrets to the public. The Court asserts that owners of trade secrets can comply with the Rule's procedures, strict though they are, and that "public scrutiny and adversary testing of requests to seal court records" do not jeopardize trade secrets.[37] But that is exactly the risk. HouseCanary's trade secrets were its own. The public had no say in whether HouseCanary could keep them confidential. But then Title Source wrongfully took them, and HouseCanary had to sue for protection. As a result, the Court holds that HouseCanary must justify to the world why it can continue to keep its trade secrets confidential. HouseCanary cannot retain what it should never have lost without defending itself, not just from claims by an opponent, but from claims by the public at large. A court might well consider that such requirements are not a

---

[36] *Ante* at 15.

[37] *Ante* at 15.

"reasonable means" of preserving trade secrets.

Only two arguments have been made that the trial court's sealing order here was unreasonable, besides its failure to require compliance with the Rule's procedures. One argument is that the Protective Order somehow operated to preclude the trial court from ordering exhibits sealed apart from its provisions. Assuming that the Protective Order governed post-trial sealing issues—and it is far from clear that it did—the parties reserved the right "to seek its modification by the court in the future." The court of appeals dismissed this provision because, in its view, the trial court did not modify the Protective Order itself.[38] But the trial court's order certainly had that effect, and in any event, the trial court could well have considered that the duty to preserve secrecy imposed by the Act required it to further seal exhibits post-trial. The second argument is that ordering the exhibits sealed post-trial would be ineffectual after their free use during the trial. But the exhibits were not shown to ever have been accessed by anyone outside trial participants, and in any event, it was certainly reasonable for the judge who presided over the trial to conclude that additional post-trial protection was warranted.

The Court states: "The Legislature has determined that an interest in protecting alleged trade secrets is presumptively sufficient, and this presumption controls."[39] I agree, and that ought to be the end of the matter. With that presumption controlling, there is no need for any procedures for sealing under the Act, certainly not Rule 76a's procedures used for overcoming the opposite presumption.[40]

---

[38] *See* 603 S.W.3d 829, 839–841 (Tex. App.—San Antonio 2019).

[39] *Ante* at 12.

[40] The Court suggests that if Rule 76a does not apply, then neither would Rule 76a(8) authorizing an appeal from a sealing order, with the result that we would lack jurisdiction over this proceeding. Even if Rule 76a(8) were

*    *    *    *    *

I do not join the Court's opinion and would hold that the Act displaces Rule 76a in its entirety. I concur in the judgment because I agree with the Court's disposition remanding the case to the trial court for another hearing.

_____
Nathan L. Hecht
Chief Justice

**OPINION DELIVERED:** April 30, 2021

---

limited to orders under the Rule, only the court of appeals would be deprived of jurisdiction. This Court would have jurisdiction to reverse the court of appeals' judgment and dismiss the appeal. *See, e.g.*, *Bison Bldg. Materials, Ltd. v. Aldridge*, 422 S.W.3d 582 (Tex. 2012); *Kiefer v. Touris*, 197 S.W.3d 300 (Tex. 2006) (per curiam).