

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00237-CV

Rita **DIAZ** and A/N/F of Roxanna Gonzalez, Rita Gonzalez and Rolando Gonzalez Jr.,
Appellant

v.

Gregorio **LOPEZ**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2018CVA000591-D4
Honorable David E. Garcia, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: June 29, 2022

DISMISSED FOR LACK OF JURISDICTION

On March 23, 2018, Appellee Gregorio Lopez filed an original petition for bill of review in a negligence action, requesting a default judgment be set aside or vacated. On April 22, 2022, the trial court signed an order granting Lopez's petition for bill of review. That same day, Appellant Rita Diaz filed a notice of appeal, stating she intends to appeal the trial court's order granting Lopez's bill of review.

In *Jordan v. Jordan*, the Texas Supreme Court held a trial court's order granting a bill of review, but not disposing of the case on the merits, is interlocutory and not appealable. 907 S.W.2d

471, 472 (Tex. 1995). Thus, the Supreme Court held the court of appeals lacked jurisdiction over the appeal. *See id.*; *see also Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006).

In this case, the clerk's record reflects the trial court granted the bill of review, thus setting aside the default judgment. However, nothing in the clerk's record reflects the trial court entered a final judgment disposing of the case on the merits. It therefore appears the trial court's order was interlocutory and not appealable. *See Jordan*, 907 S.W.2d at 472.

On May 17, 2022, this court ordered Diaz to show cause in writing by June 1, 2022 why this appeal should not be dismissed for lack of jurisdiction. In lieu of a response, Diaz filed a notice of nonsuit stating the "[a]ppeal is not a proper vehicle for this matter." Nothing in Diaz's notice establishes jurisdiction in this court over the appeal. Because the trial court's order is interlocutory and not appealable, *see Jordan*, 907 S.W.2d at 472, we dismiss the appeal for lack of jurisdiction.

PER CURIAM