Opinion issued February 3, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00625-CV

_____

**MAYRA ISABEL BUSTAMANTE, Appellant**

**V.**

**ERIK BUSTAMANTE, Appellee**

---

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-321554**

---

## MEMORANDUM OPINION

Appellant, Mayra Isabel Bustamante, seeks to appeal an order granting a bill of review setting aside and vacating the trial court's January 20, 2023 judgment

rendered in cause number 20-DCV-273938.[1] We dismiss the appeal for lack of jurisdiction.

Generally, appellate courts have jurisdiction only over appeals from final judgments unless a statute authorizes an interlocutory appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679–80 (Tex. 1990) ("In the absence of a special statute making an interlocutory order appealable, a judgment must dispose of all issues and parties in the case . . . to be final and appealable.").

"A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Kiefer v. Touris*, 197 S.W.3d 300, 302 (Tex. 2006) (per curiam) (quoting *Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam)); *see Patrick O'Connor & Associates, L.P. v. Wang Inv. Networks, Inc.*, No. 01-12-00615-CV, 2013 WL 1451358, at *1, 3 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, no pet.) ("It is a well-established rule in Texas that if a judgment rendered in a bill of review proceeding does not dispose of the entire controversy, it is interlocutory in nature and not a final judgment from which an appeal will lie."). An appeal from an interlocutory order granting bill of

---

[1] The order granting bill of review was signed by the associate judge on February 20, 2025. Appellant asserts that the order was subsequently adopted by the presiding district court judge at a hearing held on July 9, 2025.

review is not authorized by statute. *See Small v. Garcia*, No. 01-18-00710-CV, 2019 WL 3293694, at *2 (Tex. App.—Houston [1st Dist.] July 23, 2019, no pet.) ("The grant of a bill of review is not one of the interlocutory orders permitted to be appealed under Section 51.014(a) of the Civil Practice and Remedies Code.").

Here, the trial court's order granting the bill of review set aside the prior judgment but did not dispose of the case on the merits. Because the order is neither a final judgment nor an appealable interlocutory order, our Court lacks jurisdiction over the appeal. *See Kiefer*, 197 S.W.3d at 302.

On November 3, 2025, appellant filed a motion requesting voluntary dismissal of the appeal without prejudice, asserting that "[a]fter Appellant received and reviewed the Clerk's Record and court transcripts, it became evident that mandamus is the proper vehicle for appellate court review."[2] On November 13, 2025, the Clerk of this Court notified appellant that she can seek to appeal an eventual final judgment resulting from the granting of the bill of review, but the Court would not dismiss the pending appeal from the bill of review order *without prejudice* because the Court's

---

[2] While this appeal was pending, appellant filed a petition for writ of mandamus challenging the order granting bill of review. *See In re Mayra Isabel Bustamante*, No. 01-25-00898-CV, 2025 WL 3165473, at *1 (Tex. App.—Houston [1st Dist.] Nov. 13, 2025, orig. proceeding) (mem. op.). Our Court denied the petition, explaining that "'the general rule stated by both this Court and our sister court in Houston is that an interlocutory order granting a bill of review may not be reviewed by mandamus, but by appeal of the eventual final judgment in the case.'" *Id.* (quoting *Patrick O'Connor & Associates*, 2013 WL 1451358, at *1-2). Appellant's motion for rehearing was denied on December 9, 2025.

plenary power eventually expires. *See* TEX. R. APP. P. 19.1; *see also Simpson v. City of San Antonio*, No. 08-10-00229-CV, 2010 WL 3708850, at *1 (Tex. App.—El Paso Sept. 22, 2010, no pet.) ("[Rule 42.1] does not permit this Court to dismiss an appeal, 'without prejudice to the refiling.'"). The Court requested that appellant file a response advising whether she seeks to dismiss the appeal absent the "without prejudice" language requested in the motion. The Court further notified appellant that because the order is neither a final judgment nor an appealable interlocutory order, even if she no longer seeks voluntary dismissal, the appeal was subject to dismissal for want of jurisdiction unless appellant filed a written response demonstrating the Court's jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of appeal after notice). Appellant filed a response continuing to request voluntary dismissal of the appeal without prejudice but failed to address the Court's lack of jurisdiction over the appeal.

Accordingly, for the reasons discussed, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). Our dismissal of this appeal from the order granting bill of review does not impact any right to appeal the eventual final judgment. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.